(May 4, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERMIN GAUL, Appellant.—Judgment, Supreme Court, Bronx County, rendered February 18, 1975, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39), criminal possession of a controlled substance in the third (Penal Law, § 220.16) and seventh (Penal Law, § 220.03) degrees and criminal possession of a hypodermic instrument (Penal Law, § 220.45), modified, on the law, and as a matter of discretion in the interest of justice, to the extent of reversing the conviction for criminal possession of controlled substance in the third and seventh degrees and dismissing Counts 2 and 3 of the indictment, and otherwise affirmed. Defendant was arrested on March 19, 1974, shortly after his sale of three grains of heroin to an undercover officer during a "buy and bust" police operation. He was identified by the undercover officer at the scene of the arrest and a subsequent frisk revealed the buy money which had been used by the undercover officer. The People concede that criminal possession of a controlled substance in the seventh degree (simple possession) is a lesser included offense and that the trial court should have dismissed Count 3 of the indictment. Appellant contends that the count of criminal possession of a controlled substance with intent to sell (Penal Law, § 220.16, possession in the third degree) should also have been dismissed as a lesser included offense of criminal sale in the third degree (Penal Law, § 220.39). However, since both are class A-III felonies, the possessory offense is neither a lesser included offense in grade or degree (CPL 1.20, subd 37) nor an inclusory concurrent offense. (CPL 300.30, subd 4.) Both are of the same grade or degree. Both have the same classification and carry the same punishment. Accordingly the statute does not require the dismissal of the possessory count as a lesser inclusory concurrent count. (CPL 300.40, subd 3, par [b]); *People v Samuels*, 59 AD2d 574, 576; *People v Lunsford*, 81 Misc 2d 985, 987.) However, this is not dispositive. The issue here was whether or not there was a sale. There was one act. The alleged sale required proof of possession. Accordingly, on the facts of this case, where the jury could not have found defendant guilty of the sale without concomitantly finding possession with intent to sell, discretion required that both counts not be submitted, as authorized by CPL 300.40 (subd 3, par [a]): "With respect to non-inclusory concurrent counts, the court may in its discretion submit one or more or all thereof". Although the statute mandates that lesser included offenses be dismissed upon conviction of the greater offense (CPL 300.40, subd 3, par [b]), there is no such requirement concerning noninclusory concurrent counts. However, only concurrent sentences may be imposed with respect to such noninclusory concurrent counts (CPL 300.30, subd 3). Thus in a case such as this where a conviction of selling requires a conviction of possession with intent to sell, if both counts are submitted, only concurrent sentences may be imposed. Although it may well be that there are no consequences of a conviction for two noninclusory concurrent counts other than concurrent sentences for both, logic requires and the statute authorizes dismissal of the possession count in the exercise of discretion. We have examined the remaining issues raised by appellant and find them to be without merit. Concur—Murphy, P. J., Lupiano, Fein and Sullivan, JJ.; Silverman, J., dissents in part in a memorandum as follows: I would affirm the judgment of conviction. The court modifies the judgment of conviction so as to dismiss two counts, on which the jury rendered verdicts and as to which the trial court has imposed concurrent sentences which add

nothing to the punishment on a more inclusive count, on the ground that they are included in another count. Such modification affects nothing but the form of the judgment, and the inquiry as to whether such modification should be made is a useless diversion of the time and energies of court and counsel, not required by statute. 1. I address myself first to the dismissal of the count for criminal possession of a controlled substance in the seventh degree (Penal Law, § 220.03). This is plainly an "inclusory concurrent counts" (CPL 300.30, subd 4) included within the offense of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39), so that the modification to dismiss the lesser count is quite in accordance with our usual practice. *(People v Pyles,* 44 AD2d 784.) While the Court of Appeals has sanctioned this practice in a number of cases (e.g., *People v Johnson,* 39 NY2d 364, 370; *People v Grier,* 37 NY2d 847; *People v Lee,* 39 NY2d 388), the cited cases were decided on concession by the District Attorney. However, it is clear that once there is a verdict of guilty on both the greater and lesser counts, it can make no possible difference to anyone whether the lesser offense is dismissed or subjected to a concurrent sentence which does not exceed the greater. Yet, in literally hundreds of cases defendants' attorneys have solemnly urged that the trial court erred in not dismissing a lesser offense but in imposing a concurrent sentence, and District Attorneys have with a solemn show of fairness conceded, or even on their own initiative pointed out the "error," and the intermediate appellate courts of this State have solemnly considered the question whether indeed the particular offense was a lesser included offense and thus whether the trial court erred in imposing a concurrent sentence rather than dismissing. And all this about literally nothing at all. I do not think anything in the statute requires us to engage in this meaningless exercise. Where the jury has returned a verdict of guilty on both the greater and the lesser count, and the Judge has imposed a concurrent sentence on the lesser count that adds nothing to the sentence on the greater count, we are not required to inquire whether the "lesser count" is truly lesser, or to vacate the sentence on that count and dismiss that count. The basic relevant statute is CPL 300.40 (subd 3, par [b]), which provides: "(b) With respect to inclusory concurrent counts, the court must submit the greatest or inclusive count and may or must, under circumstances prescribed in section 300.50, also submit, but in the alternative only, one or more of the lesser included counts. A verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted, but not an acquittal thereon. A verdict of guilty upon a lesser count is deemed an acquittal upon every greater count submitted." It is the next to the last sentence which is said to require dismissal. I suggest it has no applicability when the jury has in fact rendered a verdict on both counts. It seems to me that the purpose of this provision is merely to state the legal effect of a jury's failure to render a verdict on a particular count. The question as to such a count is always whether in legal effect what has happened amounts to an acquittal, in which case there can be no retrial as to that count even if the main verdict or judgment is nullified, or a dismissal, in which case there can be a retrial if the main verdict or judgment is nullified. (CPL 40.30, subd 3.) CPL 300.40 (subd 3) is one of a number of provisions in the Criminal Procedure Law designed to state the legal effect—as acquittal or dismissal—of the failure of a count to result in a verdict. Thus failure of the jury to render a verdict on a count upon which it was instructed to do so is "deemed" an acquittal as to such count. (CPL 310.50, subd 3.) In the case of greater and lesser included counts, however, the jury is instructed not to render a verdict on

all the counts; the lesser count is submitted "in the alternative only" (CPL 300.40, subd 3, par [b]). And if the jury in accordance with the court's instructions, renders a verdict on only one of the counts, the statute goes on to define the legal effect with respect to the count on which the jury does not render a verdict. If that count is the greater one, it is "deemed" an acquittal. If it is the lesser one, it is "deemed" a dismissal. (See, also, CPL 300.50, subd 4.) None of this however has any relevance or necessity when the jury has rendered a verdict on both counts. Indeed the language of CPL 300.40 (subd 3, par [b]), is plainly inapplicable there. For if we apply the literal language of the statute when the jury has rendered a verdict of guilty on both counts then we reach this inconsistent result: The jury has rendered a verdict of guilty upon the greatest count, therefore under the next to the last sentence that is deemed a dismissal of the lesser count but not an acquittal thereon. However, the jury has also rendered a verdict of guilty upon the lesser count; therefore, under the last sentence that is deemed an acquittal upon the greater counts. Thus a verdict of guilty on both the greater and the lesser counts becomes an acquittal of the greater count and a dismissal of the lesser count. The simple fact is that the statute applies only in the situation contemplated by it, a verdict only on the greater or the lesser count, not on both, the counts having been submitted "in the alternative only". I need hardly say that none of this derogates from the obligation of the Trial Judge to submit such counts "in the alternative only" in accordance with the command of the statute (CPL 300.40, subd 3; CPL 300.50, subd 1), thus reducing the risk of inconsistent verdicts and simplifying the jury's task. But after the jury has rendered its verdict of guilty on both counts, there is no longer any problem of avoiding inconsistent verdicts; and we cannot simplify the jury's task *nunc pro tunc.* In the case where the jury has rendered a verdict of guilty on both counts, the substantial rights of the parties are sufficiently protected by the statutory provisions specifying that only concurrent sentences may be imposed (Penal Law, § 70.25, subd 2), and by our power to review sentences even when they are within the legal limits (CPL 450.30, subd 1; CPL 470.15, subd 2, par [c]). Finally, I note that the statute in terms does not command the appellate court (or the trial court) to order a dismissal of a lesser count, any more than it orders us to direct entry of an acquittal as to the greater count when the jury convicts on the lesser count. In both cases it merely states the legal effect of the verdict—that it is "deemed" a dismissal or an acquittal as the case may be. (CPL 300.40, subd 3.) (Contrast the language directing the court to submit counts—"the court must submit * * * and may or must * * * submit, but in the alternative only".) 2. With respect to the count of criminal possession of a controlled substance in the third degree (Penal Law, § 220.16), the majority recognizes that that crime is not an "inclusory concurrent count" and thus not governed by CPL 300.40 (subd 3, par [b]). But the majority, in the pursuit of what it deems to be a requirement of logic, even without practical consequences, subjects itself and presumably court and counsel in all future cases of noninclusory concurrent counts—to the meaningless exercise of pondering whether to dismiss the count rather than letting the concurrent sentence stand. The submission by the trial court of such a noninclusory concurrent count rests "in its discretion." (CPL 300.40, subd 3, par [a].) Probably it would have been neater not to submit the count. But as the defendant was clearly not prejudiced by it, why must we concern ourselves with the question whether there was an abuse of discretion in submitting the counts? I suppose my colleagues are somewhat troubled by the notion that a man who has committed one crime is found

guilty of two crimes. But of course he is not. He is merely found guilty on different legal theories. We have this all the time. A man who in the course of committing a felony deliberately kills his victim is obviously guilty of both felony murder and common-law murder, and the judgment commonly says so, even though he has killed one person with one act. There are many other examples, e.g., robbery in the first degree under subdivision 1 of section 160.15 of the Penal Law, (causes serious injury) and subdivisions 2 or 3 (armed with a deadly weapon, or immediate use of a dangerous instrument), robbery in the second degree that is embraced within more than one subdivision of section 160.10 of the Penal Law, e.g., subdivision 1 (aided by another person), subdivision 2 (causes physical injury or displays what appears to be a pistol). If the defendant's conduct violates more than one provision of the Penal Law, it may not be necessary for the judgment to say so, but what harm is there if the judgment does say so provided that, as the statute explicitly requires, the sentences shall run concurrently. (Penal Law, § 70.25, subd 2.) Much of what I have said with respect to the dismissal of the inclusory concurrent count (possession of a controlled substance in the seventh degree) applies to the noninclusory concurrent count (possession of a controlled substance in the third degree). The modification is just as much without practical consequences. As the court thinks this count should not have been submitted, it is presumably applying CPL 300.40 (subd 7) "Every count not submitted to the jury is *deemed* to have been dismissed by the court" (emphasis added). Again this statute has a function as stating the legal effect of a failure of a count to result in a verdict. But once there is a verdict on that count, the statute loses its function. This subdivision too does not in terms require the court to do anything. It merely states the legal effect if something happens—i.e., it is "deemed" to be a dismissal. 3. While it does not affect my view as to the pointlessness of the effort to correct the judgment by modifying to dismiss the counts, I note that there was apparently no objection, either to the submission of the inclusory concurrent count (possession of a controlled substance in the seventh degree) not in the alternative, or to the submission of the noninclusory concurrent count (possession of a controlled substance in the third degree). Indeed, so far as I can ascertain, it was the defendant's position that the jury "must deliberate as to each and every count", and the court did so advise the jury. Where the action of the trial court has not been protested, our power to review is to be exercised "as a matter of discretion in the interest of justice." (CPL 470.15, subd 6.) I cannot comprehend how the interest of justice is better served by a modification which affects no one's rights or penalties in any way. 4. I realize that I have spent more effort in this discussion than would be involved in deciding whether or not to dismiss these counts. But I think of the hundreds of cases in which we have engaged in this meaningless exercise of deciding whether to dismiss a count or let a concurrent sentence stand, and the thousands of cases yet to come, and the sheer pointlessness of the exercise.