■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCHIE OUTLAW, Appellant.—Judgment, Supreme Court, New York County, rendered December 1, 1975, convicting defendant after jury trial of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39), criminal possession of a controlled substance in the third degree (Penal Law, § 220.16), and criminal possession of a controlled substance in the seventh degree (Penal Law, § 220.03), unanimously modified, on the law, and as a matter of discretion and in the interest of justice, to the extent of reversing the conviction for criminal possession of a controlled substance in the third and seventh degree and dismissing counts 2 and 3 of the indictment, and otherwise affirmed. The defendant was convicted of the three crimes listed above in connection with a single sale of heroin that occurred on March 28, 1974. He was sentenced to concurrent one year to life sentences in connection with the first two charges, and to time served with regard to the third. The conviction for criminal possession of a controlled substance in the seventh degree (simple possession), a lesser included offense, must be dismissed for familiar reasons. (CPL 300.40, subd 3, par [b]; *People v Pyles,* 44 AD2d 784.) Criminal possession of a controlled substance with intent to sell (Penal Law, § 220.16) is a noninclusory concurrent count. (CPL 300.40, subd 3, par [a]). Its relationship to the criminal sale charge is so close that we are of the view that this count likewise should be dismissed in the exercise of discretion for reasons set forth in detail in *People v Gaul,* 63 AD2d 563). Concur—Lupiano, J. P., Birns, Lane, Markewich and Sandler, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MELVIN LEE, Appellant.—Judgment, Supreme Court, New York County, rendered November 30, 1976, convicting defendant-appellant of criminal possession of a controlled substance, first degree (Penal Law, § 220.21), and fifth degree (Penal Law, § 220.09), unanimously modified, as a matter of discretion in the interest of justice, to vacate the latter portion of the judgment (fifth degree) and to dismiss that count of the indictment which specifies the same, and otherwise affirmed. There were two separate possessions of contraband charged in this case, the more serious addressed to the bag defendant was carrying, the lesser to what was found on his person. Though the latter was therefore not included in the former, the District Attorney concedes it should be dismissed, and that will be done. (Cf. *People v Gaul,* 63 AD2d 563.) Both arrest and search of defendant's person were lawful. The car in which he was a passenger was properly halted by police because it answered the description of a stolen auto. Defendant then fled with the afore-mentioned paper bag and did not stop for investigation in response to police commands. Apprehended and arrested, search of his person proceeded. No other point worthy of discussion appears. Concur— Lupiano, J. P., Birns, Lane and Markewich, JJ.