■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIO BARONA, Also Known as DARIO RUIZ, Appellant.—Judgment, Supreme Court, New York County, rendered March 4, 1976, convicting defendant after a nonjury trial of criminal sale of a controlled substance in the first (Penal Law, § 220.43) and third (Penal Law, § 220.39) degrees and criminal possession of a controlled substance in the first (Penal Law, § 220.21), third (Penal Law, § 220.16) and seventh (Penal Law, § 220.03) degrees, unanimously modified, on the law, and as a matter of discretion in the interest of justice, to the extent of reversing the conviction for criminal possession of a controlled substance in the first, third and seventh degrees under Counts Nos. 2, 3, 6, 8 and 9 of the indictment, vacating the sentence thereon, and dismissing those counts of the indictment, and otherwise affirmed. We conclude from our review of the record and the charges contained in the indictment that defendant could not have been found guilty of the sales without concomitantly finding possession of a controlled substance with intent to sell. Clearly criminal possession of a controlled substance in the seventh degree (simple possession) was an inclusory concurrent offense. Accordingly, the sixth count of the indictment should have been dismissed by the trial court as required by CPL 300.40 (subd 3, par [b]). Of the remaining counts we find the second and eighth counts for criminal possession of a controlled substance in the third degree to be inclusory concurrent counts of criminal sale of a controlled substance in the first degree, under counts one and seven of the indictment. The third and ninth counts for criminal possession of a controlled substance in the first degree in relation to the first and seventh counts, were noninclusory concurrent counts, which, in the exercise of discretion, should have been dismissed (see *People v Gaul,* 63 AD2d 563, mot for lv to app den 45 NY2d 780; CPL 300.40, subd 3, par [a]). We observed in this connection in *People v Gaul (supra),* "Thus in a case such as this where a conviction of selling requires a conviction of possession with intent to sell, if both counts are submitted, only concurrent sentences may be imposed * * * logic requires and the statute authorizes dismissal of the possession count in the exercise of discretion." We find this disposition appropriate under the circumstances, although appellant here specifically requests dismissal of "lesser included crimes" and not noninclusory concurrent counts, for which dismissal is also authorized in the exercise of discretion (CPLR 300.40, subd 3, par [a]); *People v Gaul, supra).* We have examined the remaining issues raised on the appeal and find them to be without merit. Concur—Birns, J. P., Fein, Sandler, Bloom and Lane, JJ.