■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE EVANS, Appellant.—Judgment, Supreme Court, New York County, rendered March 2, 1976, convicting defendant after a jury trial of criminal sale of controlled substance in the third degree (Penal Law, § 220.39) and criminal possession of a controlled substance in the third (Penal Law, § 220.16), fifth (Penal Law, § 220.09) and seventh degrees (Penal Law, § 220.05) and sentencing him to concurrent terms of three and one-half years to life on the counts for criminal sale of a controlled substance, third degree, and criminal possession of a controlled substance, third degree, an indeterminate term not to exceed three and one-half years on the count for criminal possession of a controlled substance, fifth degree, to run concurrently with the other term and unconditional discharge on the conviction for criminal possession of a controlled substance, seventh degree, unanimously modified, on the law, and as a matter of discretion in the interest of justice, to the extent of reversing the conviction for criminal possession of a controlled substance in the third and seventh degrees and dismissing Count Nos. 2 and 3 of the indictment, and otherwise affirmed. Defendant was arrested on June 21, 1974 after undercover officers observed defendant and another unapprehended person complete a sale of several white glassine envelopes. The officers from the special narcotics unit were positioned in an abandoned building with a camera containing a 500 millimeter lens, 50 to 70 feet across the street from defendant. After observing the transactions involving

an exchange of money in return for white glassine envelopes, a fifth transaction was observed. The buyer was apprehended moments later, dropping from his hand three glassine envelopes which analysis later disclosed to be heroin. When defendant was thereafter apprehended, he threw five bundles of white glassine envelopes to the ground. Subsequent analysis of the bundles disclosed that they contained heroin with an aggregate weight in excess of one eighth of an ounce. Defendant was charged under two indictments, one charging criminal possession of a controlled substance in the fifth degree, in that defendant knowingly and unlawfully possessed heroin with an aggregate weight of one-eighth ounce or more. The other indictment contained three counts charging him with criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third and seventh degrees. The indictments were consolidated for trial, the jury convicting defendant on all counts. We conclude from our review of the record that the separate indictment charging defendant with criminal possession of a controlled substance in the fifth degree related to defendant's possession at the time of his arrest of the five bundles containing 74 glassine envelopes of heroin with an aggregate weight in excess of one-eighth ounce. The separate indictment with counts for criminal sale in the third degree and criminal possession in the third and seventh degrees, clearly related to the charges which flowed from the sale and defendant's possession of narcotics concomitant with the sale. In that context, criminal possession of a controlled substance in the seventh degree was an inclusory concurrent offense which, under the circumstances, should have been dismissed pursuant to CPL 300.40 (subd 3, par [b]). Contrary to appellant's contention, the second count for criminal possession of a controlled substance in the third degree was not a lesser included offense of criminal sale in the third degree, since both are class A-III felonies. The possessory offense is neither a lesser included offense in grade or degree (CPL 1.20, subd 37) nor an inclusory concurrent offense (CPL 300.30, subd 4). Both crimes, of the same grade or degree, have the same classification and carry the same punishment. Nevertheless, we find that Count No. 2 for criminal possession of a controlled substance in the third degree was a noninclusory concurrent count which, in the exercise of discretion, should have been dismissed (see *People v Gaul,* 63 AD2d 563, mot for lv to app den 45 NY2d 780; *People v Barona,* 69 AD2d 797. CPL 300.40, subd 3, par [a]). As we observed in *People v Barona (supra,* p 797) "We find this disposition appropriate under the circumstances, although appellant here specifically requests dismissal of 'lesser included crimes' and not noninclusory concurrent counts, for which dismissal is also authorized in the exercise of discretion (CPLR 300.40, subd 3, par [a]; *People v Gaul, supra)."* We have examined the remaining issues raised by appellant and find them to be without merit. Concur—Fein, J. P., Sullivan, Bloom, Markewich and Ross, JJ.