■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HOLMAN, Appellant.—Judgment, Supreme Court, New York County (Stanley L. Sklar, J.), rendered January 20, 1984, which convicted defendant, after a jury trial, of the crimes of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), criminal possession of a controlled substance in the third degree (Penal Law § 220.16) (two counts), and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) (two counts), and sentenced him, as a predicate felon, to indeterminate terms of imprisonment of from 4½ to 9 years on the counts of criminal sale and criminal possession of a controlled substance in the third degree, and to a determinate term of one year on each one of the counts of criminal possession of a controlled substance in the seventh degree, with all of these sentences to run concurrently, is unanimously modified, on the law, to the extent of vacating defendant's conviction of the two counts of criminal possession of a controlled substance in the seventh degree and dismissing those counts, and otherwise affirmed.

Defendant was convicted of the crimes of criminal sale of a controlled substance in the third degree as well as criminal possession of a controlled substance in the third and seventh degrees. Our examination of the record indicates that the indictment, which contains counts of criminal sale in the third degree and criminal possession in the third and seventh degrees, clearly pertains to the charges that resulted from the defendant's arrest for selling heroin to an undercover police officer and his possession of narcotics concomitant with that sale. Therefore, we find that "[i]n that context, criminal possession of a controlled substance in the seventh degree was an inclusory concurrent offense which, under the circumstances, should have been dismissed pursuant to CPL 300.40 (subd 3, par [b])" (People v Evans, 70 AD2d 816, 817 [1st Dept 1979]; People v Mendoza, 110 AD2d 570 [1st Dept 1985]). We note in passing that the People concede that this error was committed. Accordingly, we modify the judgment to dismiss the two counts of criminal possession in the seventh degree.

We have examined the other points raised by the defendant, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ross and Rosenberger, JJ.