■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Luis M. Neco, J.), rendered on July 6, 1984, which convicted defendant, after a jury trial, of the crimes of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), criminal possession of a controlled substance in the third degree (Penal Law § 220.16), and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), and sentenced him, as a predicate felon, to indeterminate terms of imprisonment of from 5 to 10 years on the counts of criminal sale and criminal possession of a controlled substance in the third degree, and to a definite term of one year on the count of criminal possession of a controlled substance in the seventh degree, with all of the sentences to run concurrently, is unanimously modified, on the law, to the extent of vacating defendant's conviction of the count of criminal possession of a controlled substance in the seventh degree, and dismissing that count, and otherwise affirmed.

Defendant was convicted of the crimes of criminal sale of a controlled substance in the third degree, as well as of criminal possession of a controlled substance in the third and seventh degrees. Our examination of the record indicates that the indictment, which contains counts of criminal sale in the third degree and criminal possession in the third and seventh degrees, clearly pertains to the charges that resulted from the defendant's arrest for selling cocaine to an undercover police officer, and his possession of narcotics concomitant with that sale. Therefore, we find that "[i]n that context, criminal possession of a controlled substance in the seventh degree was an inclusory concurrent offense which, under the circumstances, should have been dismissed pursuant to CPL 300.40 (subd 3, par [b])" *(People v Evans,* 70 AD2d 816, 817 [1st Dept 1979]; *see also, People v Mendoza,* 110 AD2d 570 [1st Dept 1985]; *People v Holman,* 117 AD2d 534 [1st Dept 1986]). We note in passing that the People concede that this error was committed. Accordingly, we modify the judgment to dismiss the count of criminal possession in the seventh degree.

Following our examination of the other contentions of the defendant, we find them to be without merit. Concur—Sandler, J. P., Sullivan, Ross, Milonas and Rosenberger, JJ.