(June 4, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESLIN McKENZIE, Also Known as THOMAS HAYES, Appellant. —Judgment, Supreme Court, New York County (Solomon

Katz, J.), rendered January 9, 1984, convicting defendant after a jury trial of one count of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), three counts of criminal possession of a controlled substance in the third and seventh degrees (Penal Law §§ 220.16, 220.03) and unlawful possession of marihuana (Penal Law § 221.05), and sentencing him to concurrent terms of 1 to 3 years on the third degree sale and possession counts, one year on the seventh degree possession count, and a fine of $100 for unlawful possession of marihuana, unanimously modified, on the law, to the extent of reversing and vacating defendant's conviction for criminal possession of a controlled substance in the seventh degree and dismissing that count, and otherwise affirmed.

Defendant was convicted of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees. The sale of one glassine envelope on March 27, 1982 was witnessed by two New York City Housing Police officers, who recovered the envelope containing a "quarter bag" of heroin and, shortly thereafter, a paper bag from defendant, which contained an additional 19 glassine envelopes of heroin and one tinfoil packet of marihuana. The first trial resulted in a hung jury and, following retrial, defendant was convicted of all counts.

Under the circumstances, clearly, as the People concede, the conviction for criminal possession of a controlled substance in the seventh degree is an inclusory concurrent count which should have been dismissed pursuant to CPL 300.40 (3) (b) as a lesser included offense of criminal possession in the third degree *(see, People v Williams,* 129 AD2d 493; *People v Holman,* 117 AD2d 534; *People v Mendoza,* 110 AD2d 570). Under the facts of this case, defendant's possession of a controlled substance with intent to sell was not concomitant with the sale so as to warrant the exercise of discretion dismissing the count for criminal possession of a controlled substance in the third degree *(People v Evans,* 70 AD2d 816; *People v Barona,* 69 AD2d 797; *People v Gaul,* 63 AD2d 563, *lv denied* 45 NY2d 780; *People v Outlaw,* 63 AD2d 572).

We have examined defendant's remaining contentions and find them lacking in merit. Concur—Murphy, P. J., Sandler, Milonas, Kassal and Ellerin, JJ.