■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSE HARRISON, Appellant.—Judgment of the Supreme Court, New York County (Howard Bell, J.), rendered April 25, 1986, convicting defendant, after trial by jury, of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and sentencing her to concurrent indeterminate terms of from 1 to 3 years on the counts of criminal sale and criminal possession of a controlled substance in the fifth degree and a concurrent definite term of one year on the count of criminal possession of a controlled substance in the seventh degree, is unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of vacating defendant's convictions of criminal possession of a controlled substance in the fifth and seventh degrees and dismissing those counts, and otherwise affirmed.

As conceded by defendant, fifth degree possession of a controlled substance is not an inclusory concurrent count of fifth degree sale and there is no requirement that noninclusory concurrent counts be dismissed (see, CPL 300.40 [3] [a]). However, since defendant was sentenced to identical concurrent terms for the convictions of both the fifth degree sale and possession, our dismissal of the fifth degree possessory count, as a matter of discretion, affects nothing but the form of the judgment.

On the other hand, seventh degree possession is an inclusory concurrent count of fifth degree possession which must be dismissed (see, People v Holman, 117 AD2d 534).

We have examined the remaining contentions raised by defendant and find them to be without merit. Concur—Sullivan, J. P., Asch, Milonas, Kassal and Ellerin, JJ.