■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON TROCHE, Appellant.—Judgment of the Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered September 10, 1986, which convicted defendant, after a bench trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), criminal possession of a controlled substance in the third degree (Penal Law § 220.16) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), and sentenced him to indeterminate terms of imprisonment of from 1½ to 4½ years on the third degree sale and possession counts, and to a definite term of one year on the seventh degree possession count, all sentences to run concurrently, unanimously modified, on the law, and as a matter of discretion in the interest of justice, to the extent of vacating the convictions for criminal possession of a controlled substance in the third and seventh degrees, and dismissing those counts of the indictment charging same, and is otherwise affirmed.

The People concede that seventh degree possession of a controlled substance is a lesser inclusory concurrent count of third degree possession of a controlled substance, and thus should have been dismissed as a matter of law (CPL 300.40 [3] [b]; *People v Holman,* 117 AD2d 534). And, while third degree possession is not a lesser inclusory concurrent count of third degree sale, the People also acknowledge that in the context of this case, a "buy-and-bust" operation by the police, where the possession count "flows directly" from the sale count, and where defendant was sentenced to identical concurrent terms on both counts, a dismissal of the possession count would affect nothing but the form of the judgment, and would be an appropriate exercise of discretion under CPL 300.40 (3) (a) *(People v Gaul,* 63 AD2d 563, *lv denied* 45 NY2d 780; *People v Evans,* 70 AD2d 816; *People v Harrison,* 139 AD2d 422). Concur—Sandler, J. P., Asch, Kassal, Rosenberger and Wallach, JJ.