◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BRAZEAL, Appellant.—Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered December 10, 1986, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), and sentencing him to concurrent terms of imprisonment of 5½ to 11 years on the first two counts and one year on the third count, unanimously modified, on the law and facts, and as a matter of discretion in the interest of justice, to reverse and vacate the conviction and sentences for the possessory counts and dismiss same, and otherwise affirmed.

In this case, which involves the sale of a vial of crack to an undercover police officer, the charges of criminal possession of a controlled substance in the third and seventh degrees were predicated upon the same transaction which constituted the sale. As such, defendant correctly argues, and the People agree, that the possession counts, for which defendant received sentences concurrent to that imposed on the sale, should be dismissed. *(See, People v Gaul,* 63 AD2d 563, *lv denied* 45 NY2d 780; *People v McKenzie,* 131 AD2d 305, 306; CPL 300.30, 300.40 [3] [b].)

We have examined defendant's remaining arguments on appeal and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Ross, Kassal and Rosenberger, JJ.

◼ WILLIAM B. MAY CO., INC., et al., Respondents, v ELLIS P. EISENSTEIN, Appellant.—Judgment, Supreme Court, New York County (Kristin Glen, J.), entered on April 6, 1988, unanimously affirmed for the reasons stated by Kristin Glen, J. Respondents shall recover of appellant $75 costs and disbursements of this appeal. Concur—Murphy, P. J., Sullivan, Carro and Kassal, JJ.