■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE ESTRADA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered January 20, 1989, convicting him of attempted burglary in the second degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Initially, we reject the People's contention that this appeal should be dismissed because the defendant had absconded and was not amenable to the jurisdiction of the court at the time the notice of appeal was filed on his behalf. Several months after the notice of appeal was filed the sentence imposed was carried into execution. Since that time the defendant has been amenable to the jurisdiction of this court (cf., Molinaro v New Jersey, 396 US 365; People v Sullivan, 28 NY2d 900, appeal reinstated 28 NY2d 992, affd 29 NY2d 552), and has indicated a desire to pursue his appeal (cf., People v Jinks, 140 AD2d 371). Thus, dismissal of the appeal would be inappropriate.

The defendant contends that the evidence adduced was legally and factually insufficient to support his conviction for attempted burglary in the second degree. We disagree. The defendant was observed on the second floor landing of a fire escape, outside a bedroom window which had been tampered with. The explanation he gave for his presence was highly implausible, and when ordered to leave the premises, he did so in a way which evidenced a consciousness of guilt. Viewing this evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant attempted to knowingly enter the complainant's home unlawfully with intent to commit a crime therein (see, Penal Law § 140.25 [2]; § 110.00). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.