■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE GAMBLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered September 18, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Inasmuch as both the criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree convictions were based upon the defendant's sale and possession of the same packet of cocaine, criminal possession of a controlled substance in the seventh degree was an inclusory concurrent offense, which, under the circumstances, should have been dismissed pursuant to CPL 300.40 (3) (b) (see, People v Velez, 150 AD2d 514; People v Simington, 138 AD2d 757; People v Williams, 129 AD2d 493; People v Holman, 117 AD2d 534).

The defendant's allegation that the trial court erred by denying his request for a charge on prior inconsistent statements is without merit. The general credibility instruction given by the court was sufficient (see, People v Pridgen, 171 AD2d 763; People v Butts, 139 AD2d 660; People v Dellarocco, 115 AD2d 904). Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.