■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY BELL, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered August 22, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the fourth degree (two counts), under Indictment No. 11611/88, upon a jury verdict, and (2) a judgment of the same court, rendered September 6, 1989, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 11613/88, upon his plea of guilty, and imposing sentences.

Ordered that the judgment rendered August 22, 1989, is modified, as a matter of discretion in the interest of justice, by reversing the defendant's convictions for criminal possession of a controlled substance in the fourth degree (counts 5 and 7 of Indictment No. 11611/88) and criminal possession of a controlled substance in the third degree (count 6 of Indictment No. 11611/88), vacating the sentences imposed thereon, and dismissing counts 5, 6, and 7 of Indictment No. 11611/88; as so modified, the judgment is affirmed; and it is further,

Ordered that the appeal from the judgment rendered September 6, 1989, is dismissed.

The following possession counts were submitted to the jury under Indictment No. 11611/88: Count 4—criminal possession of a controlled substance in the third degree (possession with intent to sell). Count 5—criminal possession of a controlled substance in the fourth degree (possession of 1/8 oz. or more of cocaine). Count 6—criminal possession of a controlled substance in the third degree (possession with intent to sell). Count 7—criminal possession of a controlled substance in the fourth degree (possession of 1/8 oz. or more of cocaine). Count 8—criminal possession of a controlled substance in the third degree (possession of 1/2 oz. or more of cocaine). However, the court's instructions to the jury made no distinction between the subject matter of each count. The court charged the jury that the 10 packets of cocaine that were found on the ground at the defendant's feet, the seven packets that were found in the defendant's pocket, and the one packet that the defendant

sold to the undercover officer, referred to all of the counts except the sale count. Although the defendant did not object to the charge as given, the People now concede, and we agree, that counts 5 and 7 are lesser inclusory offenses of count 8, since counts 5, 7, and 8 were based upon the defendant's possession of the same packets of cocaine. Hence, the defendant's convictions on counts 5 and 7 are dismissed *(see,* CPL 300.40 [3] [b]; *People v McBee,* 143 AD2d 773, 775).

Counts 4 and 6, on the other hand, are multiplicious counts *(see, People v Ribowsky,* 156 AD2d 726, 727, *affd* 77 NY2d 284). Since the defendant was sentenced to identical concurrent terms on all counts, dismissal of count 6 would affect nothing but the form of the judgment *(see, People v Troche,* 141 AD2d 377, 378; *People v Harrison,* 139 AD2d 422).

We have considered the defendant's remaining contentions concerning Indictment No. 11611/88, including that the sentence was excessive, and find them to be without merit.

The defendant has indicated that he does not wish to seek vacatur of his plea of guilty under Indictment No. 11613/88. He received the minimum sentence, as a second felony offender, for criminal sale of a controlled substance in the third degree which is to run concurrently with the previously imposed sentences under Indictment No. 11611/88. Thus, the defendant's appeal from his conviction under Indictment No. 11613/88 is dismissed *(see,* CPL 470.60 [1]; *People v Jinks,* 140 AD2d 371; *cf., People v Clark,* 45 NY2d 432; *People v Estrada,* 173 AD2d 555). Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.