■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY MESA, Appellant. [600 NYS2d 711] —Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered September 6, 1990, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the seventh degree and sentencing him to four terms of from nine to eighteen years and a term of one year, respectively, said sentences to run concurrently, unanimously modified, on the law and on the facts and as a matter of discretion in the interest of justice, to reverse the convictions of criminal possession of a controlled substance in the third degree and dismiss the counts charging the same and, except as thus modified, affirmed.

Defendant was arrested in possession of one glassine envelope of heroin, marked "salsa", and $198 after he had been observed in two separate transactions transferring glassine envelopes for money. Both buyers were also arrested. At arrest, one was in possession of two glassine envelopes of heroin, marked "rush hour". The other was in possession of a single glassine envelope of heroin, marked "salsa". Defendant was convicted of both sales and two counts of possession in the third degree with respect to the drugs sold to the two buyers, as well as the possession of the single glassine envelope of heroin in his possession at arrest. Review of the evidence reveals that defendant's guilt was proven beyond a reasonable doubt.

While the two third degree possession counts are not lesser included offenses of the sale charges, dismissal of the possession counts is an appropriate exercise of discretion under CPL 300.40 (3) (a) *(People v Troche,* 141 AD2d 377, *lv denied* 72 NY2d 962; *People v Gaul,* 63 AD2d 563, *lv denied* 45 NY2d

780) since the possession counts involve the same drugs as are involved in the sale counts and defendant could not have been found guilty of the sale counts without a concomitant finding of guilty with respect to the possession with intent to sell charges.

Summary denial of defendant's suppression motion was proper. Counsel's allegation that defendant "was not engaged in any suspicious or criminal activity when he was *approached* by police officers who then searched and arrested him" (emphasis added) raised no issue of fact requiring a hearing. Such a statement does not constitute an allegation that the two street corner transactions between defendant and others involving an exchange of glassine envelopes for money did not support a finding of probable cause. *(See, People v McRay*, 51 NY2d 594.) Neither does the statement suggest that defendant was challenging the factual basis of the claim that the police saw him making the exchanges. Although counsel said that the police "allegedly" observed defendant, none of counsel's affirmative allegations of fact served to contradict the account by the surveilling officer of the antecedent activity contained in counsel's own affirmation. Moreover, the allegation that defendant was not doing anything criminal or suspicious at the time he was approached by the backup team does not serve to challenge the surveilling officer's statement that he was doing something criminal just minutes earlier.

Defendant was not denied his right to present a defense by the trial court's denial, on the second day of a three-day trial, after counsel for both parties had made their requests to charge, of defense counsel's request for an adjournment to produce one of the two persons who had been observed making purchases from defendant. Counsel made no showing that the absent witness was willing to testify on defendant's behalf in support of a claim that defendant was not the person who sold him the drugs which were recovered from him. Counsel's brief explanation of his earlier efforts to locate the witness did not establish "some diligence and good faith." *(People v Foy*, 32 NY2d 473, 478; *see also, People v O'Neal*, 172 AD2d 217, *lv denied* 79 NY2d 830.) Concur—Murphy, P. J., Sullivan, Carro and Kupferman, JJ.