■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL OLIPHANT, Appellant. [607 NYS2d 739] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered April 24, 1991, convicting him of robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the *Huntley* hearing, the arresting officer testified that the defendant made a written statement to the effect that the complainant approached the defendant and gave him $10 in order to buy crack cocaine for him. The defendant further wrote that instead of returning to the complainant with the crack cocaine, he smoked it himself and that, as a result, the complainant became angry and falsely reported a robbery to the police as a way of getting revenge. At trial, the court ruled that the defendant could not cross-examine the arresting officer as to this exculpatory statement. The defendant contends that this was error. We disagree.

The general rule is that a party's self-serving statement is inadmissible at trial when offered in his or her favor, and it

may not be introduced either through the testimony of the party or through the testimony of a third person (see, Richardson, Evidence § 357 [Prince 10th ed]; see also, People v Cuevas, 138 AD2d 620, 622).

Moreover, while it is true that the defendant would have been entitled to have the entire statement, both the inculpatory and exculpatory portions, placed into evidence if the People had first brought out the inculpatory portion (see, People v Dlugash, 41 NY2d 725, 736; also, People v Rodriguez, 188 AD2d 566, 567), that situation is not present in this case. Here, the People did not offer any of the defendant's statement into evidence.

The defendant's allegation that the trial court erred by denying his request for a charge on prior inconsistent statements is without merit. The general credibility instruction rendered by the court was sufficient (see, People v Gamble, 182 AD2d 638; see also, People v Dellarocco, 115 AD2d 904).

We find that the sentence imposed was neither harsh nor excessive.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.