■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW McILWAIN, Appellant. [613 NYS2d 674] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered December 16, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As a general rule, a trial witness may not testify as to the out-of-court identification of an accused by a complainant *(see, People v Bolden,* 58 NY2d 741, 743; *see also, People v Trowbridge,* 305 NY 471, 477). Such testimony is hearsay, and is likely to improperly influence the jury's belief in the reliability of the identification *(see, People v Bolden, supra,* at 743). Contrary to the defendant's contention, no such improper bolstering occurred here. The investigating officer testified as to the procedures employed during the lineup, and as to the questions he asked of the complainant. However, he never testified as to what the complainant said, or that the complainant had identified the defendant *(see, People v Galarza,* 126 AD2d 666; *see also, People v Lopez,* 123 AD2d 360).

Further, the defendant's allegation that the trial court erred by denying his request for a charge on prior inconsistent statements is without merit. The general credibility instruction given by the court was sufficient *(see, People v Whalen,* 59 NY2d 273, 279; *see also, People v Oliphant,* 201 AD2d 590; *People v Gamble,* 182 AD2d 638). Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.