■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMELIA WESTON, Appellant. [671 NYS2d 518] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered January 12, 1995, convicting her of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred when it refused to permit the admission of her videotaped statement into evidence during trial. The defendant asserts that the statement was a continuation of the written statement that she had given earlier. "The general rule is that a party's self-serving statement is inadmissible at trial when offered in his or her favor, and it may not be introduced either through the testimony of the party or through the testimony of a third person" (*People v Oliphant,* 201 AD2d 590, 591). Our review of the videotaped statement reveals that it is self-serving because it recounts the defendant's version of the events in support of her justification defense. As the Supreme Court pointed out, the only reason why the defendant wanted to introduce this statement was to evoke sympathy from the jury. Because the statement is self-serving, the trial court properly prohibited its admission.

Furthermore, despite the defendant's contention to the contrary, her written and videotaped statements were separate and distinct and not part of one continuous interrogation, as there was an eight-hour gap between the end of the written statement and the taking of the videotaped statement (*cf., People v Rodriguez,* 188 AD2d 566, 567, citing *People v Chapple,* 38 NY2d 112, 115). In addition, the defendant was not the subject of any further police interrogation during the eight-hour period between the interviews (*see, People v Hawthorne,* 160 AD2d 727, 728-729), and the *Miranda* warnings were readministered at the start of the recording of her videotaped statement (*see, People v Hayes,* 213 AD2d 193).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Pizzuto, J. P., Joy, Friedmann and Florio, JJ., concur.