■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAYSON PEARSON, Appellant. [813 NYS2d 209]—

Appeal by the defendant from a judgment of the County Court, Westchester County (DiBella, J.), rendered June 29, 2004, convicting him of attempted aggravated assault of a police officer, criminal possession of a weapon in the third degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the County Court erred in refusing to permit the admission into evidence of his statement to police made 12 hours after the crime. He also argues that the County Court improperly precluded his grandmother from testifying regarding a statement made by him before his arrest. Those statements of the defendant were offered ostensibly to show his state of mind at the time he committed the crimes of which he was convicted.

"The general rule is that a party's self-serving statement is inadmissible at trial when offered in his or her favor, and it may not be introduced either through the testimony of the party or through the testimony of a third person" (*People v Oliphant,* 201 AD2d 590, 590-591 [1994]; *see People v Weston,* 249 AD2d

496 [1998]). The statements were self-serving and irrelevant to any genuine issue at trial, and were offered to evoke sympathy from the jury. Thus, the court properly precluded their admission (*see People v Valderrama,* 285 AD2d 902, 904 [2001]). Schmidt, J.P., Crane, Rivera and Spolzino, JJ., concur.