■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAYWARD GILLYARD, Appellant. [894 NYS2d 516]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered April 30, 2008, convicting him of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is without merit. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The People's evidence established that the defendant sold two glassine envelopes containing heroin to an apprehended buyer (*see People v Wright*, 62 AD3d 916 [2009]; *People v Gunney*, 13 AD3d 980 [2004]; *People v Morales*, 309 AD2d 621 [2003]; *cf. People v Ford*, 20 AD3d 816 [2005]), and

possessed an additional 10 glassine envelopes containing heroin with the intent to sell (*see People v Rivera-Lugo*, 202 AD2d 333 [1994]; *People v Cruz*, 197 AD2d 630 [1993]; *People v Nickens*, 121 AD2d 199 [1986]). Although the contents of only two of the envelopes recovered from the defendant were tested for a controlled substance, the jury could reasonably infer from the positive results of those tests that the remaining envelopes, which were recovered from the defendant at the same time, also contained a controlled substance since the untested envelopes bore the same stamp as those envelopes which tested positive for heroin, and the contents of all the envelopes appeared to be similar in nature (*see People v McGriff*, 201 AD2d 672 [1994]; *People v Wilcox*, 198 AD2d 544, 545 [1993]).

Further, the defendant's allegation that the trial court erred in denying his request for a charge on prior inconsistent statements is without merit. The general credibility instruction given by the court was sufficient (*see People v McIlwain*, 205 AD2d 710 [1994]; *People v Gamble*, 182 AD2d 638 [1992]; *People v Pridgen*, 171 AD2d 763 [1991]; *People v Butts*, 139 AD2d 660 [1988]). Dillon, J.P., Covello, Miller and Chambers, JJ., concur.