■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN H. HADDOCK, Appellant. [917 NYS2d 634]—Appeal by the defendant from a judgment of the County Court, Westchester

County (Cohen, J.), rendered July 29, 2008, convicting him of failing to register or verify as a sex offender, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Initially, the defendant's contention that he was deprived of his constitutional right to present a defense is not preserved for appellate review since he did not make this argument at trial (*see People v Simon*, 6 AD3d 733 [2004]). In any event, his contention is without merit. The trial court properly precluded the defendant from eliciting testimony from a prosecution witness that the defendant made certain self-serving, exculpatory statements to her (*see People v Hughes*, 228 AD2d 618 [1996]; *People v Williams*, 203 AD2d 498 [1994]). " 'The general rule is that a party's self-serving statement is inadmissible at trial when offered in his or her favor, and it may not be introduced either through the testimony of the party or through the testimony of a third person' " (*People v Pearson*, 28 AD3d 587, 587 [2006], quoting *People v Oliphant*, 201 AD2d 590, 590-591 [1994]). Although, among other theories, the defendant offered these statements as evidence of his state of mind, they were essentially factual assertions of his innocence, which constituted inadmissible hearsay (*see People v Villanueva*, 35 AD3d 229 [2006]).

The defendant's contentions that the sentence imposed constituted cruel and unusual punishment and also improperly penalized him for exercising his right to go to trial are without merit (*see People v Miller*, 74 AD3d 1097 [2010]; *People v Ramos*, 74 AD3d 991 [2010]; *People v Zurita*, 64 AD3d 800 [2009]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Rivera, Austin and Roman, JJ., concur.