THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALEEM ROBERTS, Appellant. [942 NYS2d 812]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silber, J.), rendered November 23, 2009, convicting him of criminal possession of a weapon in second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly precluded the defense from presenting a witness who would purportedly testify that the defendant made a certain self-serving, exculpatory statement to him. "The general rule is that a party's self-serving statement is inadmissible at trial when offered in his or her favor, and it may not be introduced either through the testimony of the party or through the testimony of a third person" (*People v Oliphant*, 201 AD2d 590, 590-591 [1994]; *see People v Haddock*, 79 AD3d 1148, 1149 [2010]; *People v Pearson*, 28 AD3d 587 [2006]). Contrary to the defendant's contention, the proffered statement was not evidence of his state of mind, but rather a factual assertion which constituted inadmissible hearsay (*see People v Haddock*, 79 AD3d at 1149).

The defendant's contention that one of the police officers who participated in the arrest should not have been permitted to testify that other defendants, in different cases, had given the same "story" of temporary lawful possession is unpreserved for appellate review (*see generally* CPL 470.05 [2]; *People v Farfam*, 34 AD3d 828, 829 [2006]; *People v Garcia*, 294 AD2d 515 [2002]; *People v Finnigan*, 229 AD2d 547, 548 [1996]), and we decline to reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

The defendant's remaining contention does not require reversal. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.