Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered February 2, 2011, convicting him of reckless endangerment in the first degree, reckless endangerment in the second degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant failed to preserve for appellate review his contentions that the evidence was legally insufficient to support the jury’s verdict with respect to the counts of reckless endangerment in the first degree under Penal Law § 120.25 (count 1), criminal possession of a weapon in the second degree under Penal Law § 265.03 (3) (count 3), and criminal possession of a weapon in the second degree under Penal Law § 265.03 (1) (b) (count 4) (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Gray, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt on those counts beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 *770 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
It was improper for the trial court to permit the People to impeach their own witness since his testimony did not tend to disprove a material issue of the case (see CPL 60.35; People v Fitzpatrick, 40 NY2d 44, 52 [1976]). Nevertheless, we conclude that such error was harmless because there was overwhelming evidence of the defendant’s guilt, and no significant probability that the jury would have acquitted the defendant had it not been for the error (see People v Saez, 69 NY2d 802, 804 [1987]; People v Crimmins, 36 NY2d 230, 242 [1975]; People v Murillo, 256 AD2d 423, 424 [1998]; People v Comer, 146 AD2d 794, 795 [1989]). For the same reason, while the trial court erred in admitting certain hearsay testimony, such error was also harmless (see People v Crimmins, 36 NY2d at 241-242; People v Harvey, 270 AD2d 959, 960 [2000]).
The defendant’s contention that he was deprived of a fair trial due to prosecutorial misconduct is unpreserved for appellate review (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People v Harris, 98 NY2d 452, 492 [2002]; People v Tonge, 93 NY2d 838, 839-840 [1999]; People v Dien, 77 NY2d 885, 886 [1991]; People v Rivera, 73 NY2d 941, 941-942 [1989]; People v Jones, 76 AD3d 716, 717 [2010]). In any event, the challenged remarks were not so prejudicial as to constitute reversible error.
The defendant also contends that the trial court deprived him of a fair trial by precluding a defense witness from testifying. Contrary to the defendant’s contention, the trial court providently exercised its discretion in precluding the witness from testifying in view of the collateral nature of the prospective testimony (see People v Aska, 91 NY2d 979, 981 [1998]; People v DeBerry, 17 AD3d 480, 481 [2005]).
There is no merit to the defendant’s contention that the trial court deprived him of a fair trial by denying his request for a jury charge that a prosecution witness’s intoxication may be considered in evaluating the witness’s credibility. The general credibility instruction given by the trial court was sufficient (see generally People v Gillyard, 70 AD3d 854, 855 [2010]; People v Butts, 139 AD2d 660 [1988]).
The defendant’s remaining contention is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit. Mastro, J.P, Lott, Austin and Cohen, JJ., concur.