■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY HUBBS, Appellant. [993 NYS2d 373]—

Appeals by the defendant from two judgments of the Supreme Court, Suffolk County (Condon, J.), both rendered March 30, 2010, convicting him of assault in the first degree and petit larceny under indictment No. 3306-08, upon a jury verdict, and robbery in the third degree under indictment No. 518-09, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the evidence was legally insufficient to support his conviction of assault in the first degree because the People failed to establish that the complainant sustained serious physical injury (*see* Penal Law § 120.10 [1]). However, since the defendant did not advance this argument with the required specificity before the trial court, it is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Martinez*, 116 AD3d 983 [2014]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the complainant's injury resulted in "serious disfigurement" (*People v McKinnon*, 15 NY3d 311, 315 [2010]; *see* Penal Law § 10.00 [10]; *People v Stewart*, 18 NY3d 831, 832 [2011]). In addition, the defendant argues that the evidence was legally insufficient to support his conviction of assault in the first degree because the People failed to establish that he intended to cause serious physical injury. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 621), we find that it was legally sufficient to establish that the defendant intended to cause serious physical injury to the complainant. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count charging assault in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court providently exercised its discretion in precluding the defendant from introducing into evidence inadmissible hearsay in a self-serving portion of a written statement he provided to a detective (*see People v Ramlall*, 99 AD3d 815, 816 [2012]; *People v Roberts*, 94 AD3d 1151 [2012]; *People v Oliphant*, 201 AD2d 590, 590-591 [1994]). Contrary to the defendant's contention, the prosecution did not open the door to the admission of this evidence (*see generally People v Massie*, 2 NY3d 179 [2004]).

The defendant's contention that the Supreme Court's justification charge was improper is unpreserved for appellate review, as he failed to object to the charge (*see* CPL 470.05 [2]; *People v Boley*, 116 AD3d 965, 966 [2014]). In any event, the contention is without merit.

The defendant's remaining contentions are without merit or do not warrant reversal under the circumstances of this case.

The defendant's sole contention regarding the conviction of robbery in the third degree under indictment No. 518-09 is that his plea of guilty should be vacated if the conviction of assault in the first degree under indictment No. 3306-08 is reversed. Since the defendant raises no independent claim regarding his conviction of robbery in the third degree under indictment No. 518-09, that judgment must be affirmed in light of the affirmance of the judgment convicting the defendant of assault in the first degree and petit larceny under indictment No. 3306-08 (*see People v Washington*, 93 AD3d 681, 682 [2012]; *cf. People v Baker*, 20 NY3d 354, 364 [2013]). Mastro, J.P., Chambers, Austin and Sgroi, JJ., concur.