People v Fields (2025 NY Slip Op 05647)

People v Fields

2025 NY Slip Op 05647

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

SCI No. 3143/18|Appeal No. 4944|Case No. 2019-03817|

[*1]The People of the State of New York, Respondent,
v
Nicole Fields, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Bridget White of counsel), for respondent.

Judgment, Supreme Court, New York County (Laurie Peterson, J., at plea; Heidi Cesare, J., at sentencing), rendered April 25, 2019, convicting defendant of burglary in the third degree and criminal trespass in the third degree, and sentencing her to an aggregate term of 4 months, unanimously affirmed.
The charge of criminal trespass in the third degree was properly included in the Superior Court Information as a joinable lesser non-inclusory offense, alongside the triggering offense of burglary in the third degree, which was charged in the felony complaint (see People v Pierce, 14 NY3d 564, 571 [2010]; People v Perkins, 230 AD3d 977, 978 [1st Dept 2024]). It is undisputed that both charges were "based upon the same act or upon the same criminal transaction" (CPL 200.20[2][a]; see CPL 195.20).
Defendant's request for dismissal of the criminal trespass charge in the interest of justice is foreclosed by her valid waiver (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]; see also People v Trulove, 238 AD3d 55, 61 [1st Dept 2025]). As an alternative holding, we decline to dismiss defendant's lesser non-inclusory count of conviction. Although it is well settled that this Court has the authority, under CPL 300.40(3)(a), to exercise its discretion to dismiss lesser non-inclusory counts that were submitted to the jury and resulted in a conviction (see People v Mesa, 195 AD2d 422 [1st Dept 1993], lv denied 82 NY2d 899 [1993]; see also People v Gaul, 63 AD2d 563 [1st Dept 1978], lv denied 45 NY2d 780 [1978]), "Article 300 deals only with trials, and has no application to convictions obtained on plea of guilty" (People v Walton, 41 NY2d 880, 880-881 [1977]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025