■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO RODRIGUEZ, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Queens County (Clabby, J.), all rendered June 9, 1983, convicting him of robbery in the first degree and robbery in the second degree, under indictment No. 1753/82, upon a jury verdict, and robbery in the first degree under indictment No. 1752/82 and robbery in the first degree under indictment No. 1754/82,

upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial (Balbach, J.), after a hearing of that branch of the defendant's omnibus motion which was for the suppression of identification testimony.

Judgments affirmed.

We agree with Criminal Term that each of the eyewitnesses to the respective crimes had an independent source for an in-court identification of the defendant (see, Neil v Biggers, 409 US 188, 199-200; Manson v Brathwaite, 432 US 98, 114). Moreover, the defendant was not deprived of his constitutional right to counsel when compelled to stand in a prearraignment lineup, without his attorney being present, despite the arresting officer's knowledge as to pending, unrelated charges involving the defendant (see, People v Hawkins, 55 NY2d 474, cert denied 459 US 846; People v Robertson, 109 AD2d 806). We further note that the trial court did not abuse its discretion by refusing to allow testimony as to a purported declaration against penal interest. The defendant, as the proponent of this statement, did not make a showing as to corroborating circumstances which would insure its reliability (see, People v Shortridge, 65 NY2d 309, 312; People v Settles, 46 NY2d 154, 167, 169-170).

We have reviewed the defendant's remaining contentions, in his main brief and in his supplemental pro se brief and find them to be either unpreserved for review or without merit. Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.