■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN WRONGE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Shaw, J.), rendered October 16, 1980, convicting him of robbery in the first degree (12 counts), robbery in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A lineup identification of the defendant which was suppressed as a result of a purported right to counsel violation was inadvertently elicited during the trial of the defendant. However, the error was not brought to the court's attention until the charge conference, when counsel merely requested that the improper testimony be stricken. Even if such action by counsel were sufficient to preserve the issue for appellate review, intervening decisional law has established that the defendant's right to counsel was not violated merely because the police failed to suspend the lineup procedure and take positive action to notify the defendant's attorney of the impending prearraignment lineup *(see, People v Hawkins,* 55 NY2d 474, 487 ["if a suspect already has counsel, his attorney may not be excluded from the lineup proceedings * * * (t)hat does not mean, however, that the police must notify counsel of an impending investigatory lineup"]).

Thus, any error in the elicitation of suppressed evidence is not of constitutional dimension, and is harmless in light of the convincing, permitted in-court identification by that same

witness, as well as the positive identifications of the defendant made by two other witnesses. Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.