OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted upon a plea of guilty of attempted robbery in the first degree of-a grocery store. Two days after the robbery, three witnesses went to the station house to view drawers of photographs in an effort to identify the perpetrator. None selected any photograph and it was later established that defendant’s picture was not among the photographs viewed by the witnesses.
Approximately three months later, one of the witnesses, Rodriguez, went to the station house claiming that, while at a restaurant, he saw the man who had robbed him. Rodriguez was shown additional photos and, while looking through the second drawer, he picked out defendant’s photo and identified defendant as the man who robbed the store.
That same day, the police brought defendant’s photo along with five other photographs of men with similar features to Bolanos, one of the other witnesses. Prior to showing the array, the officer said, "I got photos. I want you to look at the photos. We got the guy who hold [sic] you up.” Bolanos then viewed the array and identified defendant as the robber. Sometime later, the five "filler” photos used in this array were misplaced.
Based on the two positive identifications, a "Wanted” card was prepared and a police officer with the Criminal Apprehension Unit saw the notice and connected the photo to a defendant who was scheduled to make a court appearance on an unrelated charge. The officer went to court on the scheduled *835 date, waited until the proceeding was completed, and then took defendant into custody as he was leaving the courtroom.
Several hours later, a lineup was conducted and Bolanos made a positive identification of defendant. At the conclusion of the Wade hearing (388 US 218), the court ruled that none of the pretrial photo identifications were tainted or suggestive. The court also concluded that the failure to preserve the five "filler” photos wás inadvertent and excusable. The court also found that each complainant had a sufficient independent basis to support an in-court identification of defendant.
Defendant pleaded guilty and the Appellate Division affirmed (121 AD2d 849).
Defendant’s claim that the identification procedures were unconstitutionally suggestive as a matter of law is without merit. The police officer’s statements to the witness Bolanos upon handing him the photos provide record support for the undisturbed factual finding of lack of taint or of suggestiveness. Moreover, there was no suggestion to the witness that defendant’s photo was in the array (People v Rodriguez, 64 NY2d 738, 740). In view of the undisturbed findings of nonsuggestive pretrial identification procedures and of independent source, any theoretical prejudice that may have resulted from the accidental loss of the "filler” array photos is irrelevant.
The argument that defendant was improperly denied his right to counsel when the police, with knowledge that defendant had an unrelated pending case, arrested him and placed him into a lineup without his attorney being present also fails. There is no Federal or State constitutional right to counsel for an accused at a preindictment lineup (Kirby v Illinois, 406 US 682; People v Hawkins, 55 NY2d 474, cert denied 459 US 846; see also, People v Lucarano, 61 NY2d 138).
We have considered defendant’s other assertions and find them to be without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.