■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PETILLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered May 2, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt and to disprove the justification defense by the same standard. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We find no merit in the defendant's claim that he was deprived of his right to counsel at the lineup. It is well settled in this State that a suspect does not have an indelible right to counsel at an investigatory lineup (see, People v Hawkins, 55 NY2d 474, cert denied 459 US 846), and the right to the assistance of counsel at corporeal identifications arises only after the initiation of formal prosecutorial proceedings (see, Kirby v Illinois, 406 US 682). While it is true that if a suspect already has counsel, his attorney may not be excluded from the lineup proceedings (see, People v Blake, 35 NY2d 331), "[t]hat does not mean * * * that the police must notify counsel of an impending investigatory lineup or that counsel is entitled to a lengthy adjournment at this stage of the investigatory process" (People v Hawkins, supra, at 487; People v Wronge, 126 AD2d 588, lv denied 69 NY2d 888). We further note that defense counsel was afforded an opportunity to be present during the lineup but failed to avail himself of such opportunity.

We have examined the defendant's remaining contentions, including his claim that the sentence imposed was excessive, and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.