THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
IVAN BORRERO CUEVAS, Appellant.—Appeal by the defendant
from a judgment of the Supreme Court, Kings County (Gold-
man, J.), rendered July 17, 1984, convicting him of murder in
the second degree and burglary in the second degree, upon a
jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 9:00 P.M. on October 8, 1982, the defen-

dant burglarized the apartment of 86-year-old Lena Graffeo at 1440 DeKalb Avenue, Brooklyn. When she awoke, he fled, taking her keys and some coins, and leaving behind his sneakers. On October 16, 1982, the defendant returned to burglarize Mrs. Graffeo's apartment a second time. When she awoke, on this occasion, he covered her mouth with a cloth, suffocating her. The defendant took more money and some jewelry, but left behind one of his gloves.

When initially apprehended at approximately 10:00 P.M. on October 17, 1982, the defendant made an exculpatory statement. Some 3½ hours later, however, he made a full confession, which was repeated on videotape later on October 18th.

At trial, the Trial Judge ruled that the defendant's initial exculpatory statement was hearsay, and that defense counsel could not cross-examine police witnesses about it. The Trial Judge also locked the courtroom during the charge to the jury, summarily overruling defense counsel's objection.

On appeal, the defendant argues that he was deprived of his constitutional right to a public trial when the Trial Judge locked the courtroom during the charge. The defendant's claim is without merit. We recently expressed our view that the procedure that the defendant challenges is "simply the exercise by the trial court of its power to impose a reasonable limitation on access to the courtroom so as to maintain a quiet and orderly atmosphere" during the charge (People v Zenger, 134 AD2d 640, 641).

The defendant next contends that the court erroneously restricted cross-examination of the interrogating officers about his initial exculpatory statement, effectively denying him his constitutional right to present a defense and to confront the witnesses against him. The defendant's allegation that he wished to introduce this exculpatory statement not for its truth, but to show that his subsequent confession was involuntary, is not persuasive. Had the jury believed that the police abused the defendant, they would have understood that the purpose of such abuse would have been to make the defendant confess. However, the jury was persuaded by the evidence, which included photographs and videotapes of the defendant, that the defendant had *not* been abused, rendering academic the issue of "why" coercion *might* have been employed. Since the evidence established that the defendant's confession was voluntary, the defendant was endeavoring to introduce his prior exculpatory statement for its truth. This is impermissible under the general rule that a party's self-serving statements are inadmissible when offered in his favor (Richardson,

Evidence § 357 [Prince 10th ed]); nor may they be introduced by a third party *(People v Squire,* 54 AD2d 833). In any event, "[i]n light of the overwhelming proof of defendant's guilt, any error due to the exclusion of the testimony was harmless" *(People v Sease-Bey,* 111 AD2d 195, 196, *lv denied* 66 NY2d 618).

The defendant's final contention, that the sentence imposed was excessive, is without merit *(see, People v Suitte,* 90 AD2d 80, 85-86). Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.