■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY JONES, Appellant.

We find no merit in the defendant's claim that he was deprived of his right to counsel at the lineup at which he was identified. It is well settled in this State that a suspect does not have a right to counsel at an investigatory lineup (see, People v Hawkins, 55 NY2d 474, cert denied 459 US 846; People v Petillo, 137 AD2d 843), and the right to the assistance of counsel at corporeal identifications arises only after the initiation of formal prosecutorial proceedings (see, Kirby v Illinois, 406 US 682). In addition, the record supports the

hearing court's conclusion that the pretrial lineup procedure was not unduly suggestive *(see, People v Rodriguez,* 64 NY2d 738). There is no requirement that a defendant in a lineup must be surrounded by individuals nearly identical in appearance *(see, United States v Reid,* 517 F2d 953; *People v Mattocks,* 133 AD2d 89, *lv denied* 70 NY2d 801; *People v Rodriguez,* 124 AD2d 611), and, in the instant case, an examination of the lineup photographs reveals no discernable difference in the physical appearances of the participants of such a nature as to create a substantial likelihood that the defendant would be singled out for identification *(see, Neil v Biggers,* 409 US 188).

We further reject the defendant's claim that the hearing court improperly admitted into evidence statements made by him to one of the police detectives during a telephone call made by the defendant from the Suffolk County Jail. It is well settled that volunteered statements are admissible provided the defendant speaks with genuine spontaneity and not as a result of " 'inducement, provocation, encouragement or acquiescence' " *(see, People v Sobolof,* 109 AD2d 903, 904-905). In this case, the evidence adduced at the hearing clearly established that in fact a collect telephone call was made from the Suffolk County Jail to the detective's precinct telephone and the defendant not only initiated making comments about the case but additionally, he ignored the detective's repeated attempts to discourage him from discussing the case.

We decline to disturb the sentence imposed upon the defendant as it was within the bound of the applicable sentencing statute and not excessive under the circumstances of this case *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Weinstein, Kooper and Spatt, JJ., concur.