■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL TAVERAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered April 10, 1984, convicting him of robbery in the first degree, robbery in the second degree, criminal use of a firearm in the first degree and criminal use of a firearm in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, it was not error to place him in a prearraignment lineup, without the presence of counsel, despite the arresting officer's knowledge that the defendant was represented by an attorney on an unrelated, pending matter (see, People v Hernandez, 70 NY2d 833; People v Hawkins, 55 NY2d 474, cert denied 459 US 846; People v Williams, 122 AD2d 820, lv denied 68 NY2d 818; People v Rodriguez, 121 AD2d 660, lv denied 68 NY2d 917; People v Cunningham, 116 AD2d 585, lv denied 67 NY2d 941). Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL TAVERAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered April 10, 1984, convicting him of robbery in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, it was not improper to place the defendant in a prearraignment lineup despite his representation by an attorney in connection with the other unrelated charges pending at the time of his arrest. It should be noted that, although not required to do so, the attorney was specifically apprised of the impending lineup and expressly declined to attend (see, People v Hawkins, 55 NY2d 474, cert denied 459 US 846; People v Petillo, 137 AD2d 843).

We have examined the defendant's remaining contentions and find them to be unpreserved for our review and, in any event, without merit. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.