THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BERRING, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered April 16, 1987, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The hearing testimony supports the finding that the defendant made an intelligent and voluntary decision to waive his right to the presence of an attorney, and that he expressly communicated his waiver of this, and of his other *Miranda* rights, to the police prior to any interrogation having begun *(see, Miranda v Arizona,* 384 US 436; *People v Bethea,* 67 NY2d 364). Further, the testimony elicited at the hearing

establishes that, prior to the commencement of questioning, the defendant had expressly denied that he was represented by an attorney in connection with any pending criminal charges. In short, the defendant denied that he had an attorney, and also denied that he wanted an attorney. The defendant now argues (contrary to his earlier assertion to the police) that since he *was* in fact represented by counsel in connection with certain unrelated charges, his right to the presence of counsel was an "indelible" one, so that his purported waiver of that right was ineffective under the unique provisions of our State Constitution *(People v Bartolomeo,* 53 NY2d 225; *People v Rogers,* 48 NY2d 167). We disagree.

The rule of the *Rogers* and *Bartolomeo* cases *(supra)* has not been extended to require that investigating police officers disbelieve the assertions made by a criminal suspect concerning his representation by counsel. On the contrary, the police may reasonably assume that a suspect who denies that he has an attorney is telling the truth, and, based on that assumption, may obtain a valid waiver of the suspect's right to counsel *(see, People v Shavers,* 69 NY2d 766; *People v Lucarano,* 61 NY2d 138; *People v Hovanec,* 128 AD2d 893, 894, *lv denied* 70 NY2d 712). There is nothing in the present case to suggest that the police acted unreasonably in believing the defendant's statements.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.