■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered March 2, 1987, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Initially, the defendant contends that the identification testimony should be suppressed due to the prosecution's failure to provide testimony at the hearing regarding the circumstances surrounding the complainants' viewing of a book of mug shots. Inasmuch as the defendant maintained at the hearing that the identification testimony should be suppressed only on the ground that a *lineup* procedure was unduly suggestive, and, thus, effectively deprived the People of a fair opportunity to present their proof to rebut his present claim concerning the photographic identification procedure, the issue has not been reserved for appellate review *(see, People v*

*Miguel,* 53 NY2d 920; *People v Leftwich,* 134 AD2d 371, 373; CPL 470.05 [2]). Further, contrary to the defendant's contention, it was not error to place him in a prearraignment lineup, even though the defendant informed the police that he was represented by an attorney on an unrelated pending matter *(see, People v Hernandez,* 70 NY2d 833; *People v Taveras,* 143 AD2d 208).

The identification testimony provided by the complainants was legally sufficient to establish that the defendant was the individual who committed the robbery. Finally, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.