■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAL WALKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered March 12, 1986, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

An accused's right to counsel at a lineup attaches only at or after the time that adversary judicial proceedings have been initiated against him *(see, People v Coleman,* 43 NY2d 222). The two lineups to which the defendant was subjected occurred prior to the initiation of any adversary judicial proceedings against him and so there was no obligation to provide the defendant with an attorney *(see, People v Hawkins,* 55 NY2d 474, 485, 487, *cert denied* 459 US 846; *People v Petillo,* 137 AD2d 843). Accordingly, the defendant was not entitled to suppression of the identification testimony on that ground.

The defendant also contends that his guilt was not proven beyond a reasonable doubt, and that the prosecution's witnesses, because of their criminal histories and involvement with illegal gambling activities, should not have been believed by the jury. Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt

beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Further, the sentence imposed was not unduly harsh or excessive under the circumstances, and therefore we decline to disturb it (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's other contention and find it to be unpreserved for appellate review (CPL 470.05 [2]). Brown, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.