■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MCALLISTER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered February 6, 1987, convicting him of rape in the first degree, sodomy in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that statements he made to the police while in custody and the complainant's testimony about the lineup identification should have been suppressed because the law enforcement officials knew that he had an open case in which he was represented by counsel but no effort was made to contact counsel or have them present during the custodial interrogation or at the lineup. After a *Wade/Huntley* hearing, the court concluded that the defendant was not entitled to an attorney at the prearraignment lineup. It further concluded that the police met their duty of inquiry as to whether he had counsel and had no duty to make further inquiry into the answers of the defendant concerning his lack of counsel. The court then found that the defendant had waived his *Miranda* rights and that his statement was given voluntarily under no force or duress. We agree.

"[O]nce a suspect denies that he is represented on a pending unrelated charge, the police are under no obligation to make

further inquiry, so long as it is reasonable to believe the defendant's disclaimer of representation" *(People v Lucarano, 61 NY2d 138, 148).* In the instant case, given the five years since the prior charge and the three-year pendency of the bench warrant, combined with statements by the defendant's mother and the denial of representation by the defendant, the arresting officer was justified in relying on the defendant's assertions that he was no longer represented by counsel even though it was later shown that he was actually represented *(see, People v Lucarano, supra,* at 145; *People v Berring,* 145 AD2d 430).* Moreover, since the lineup was held prior to the initiation of adversarial judicial proceedings, there was no requirement that an attorney be present *(see, People v Hawkins,* 55 NY2d 474; *People v Walker,* 151 AD2d 707; *People v Williams,* 143 AD2d 162), even if the police had had knowledge that the defendant was represented by counsel on an unrelated pending charge *(see, People v Hernandez,* 70 NY2d 833; *People v Taveras,* 143 AD2d 208).

Contrary to the defendant's contention, we find that the evidence was sufficient to prove his guilt beyond a reasonable doubt as to each of the crimes. Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), the evidence concerning the rape and sodomy was legally sufficient to show that the complainant was struck from behind, and that sexual contact with her anus and penetration of her vagina occurred while the defendant used a knife, force and threats to overcome her resistance. As to the conviction for robbery in the first degree, the jury could have properly found that the act of robbery following the sex offenses was part of a continuous course of criminal conduct beginning with the blow to the complainant's head, involving, thereafter, the use of a knife, threats against her life and the removal of money from her wallet. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's other contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit *(see, People v Prochilo,* 41 NY2d 759; *People v McAvoy,* 142 AD2d 605). Eiber, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.