THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MARTINEZ, Appellant.—

In this prosecution for robbery in the first and second degrees, arising out of the knifepoint robbery of the complainant, a licensed livery cabdriver, by three men, including the defendant, the record reveals that the hearing court correctly denied defendant's motion seeking to suppress the out-of-court lineup identification of him by the complainant and properly rejected his assertions that the lineup procedure utilized was impermissibly suggestive and that he was deprived of his right to counsel at the lineup. Specifically, the uncontradicted evidence at the suppression hearing revealed that the appearance of the other participants in the lineup was not so different from that of the defendant as to warrant suppression of any in-court testimony regarding the identification procedure, and it is well settled, by both Federal and State case law, that there is no right to counsel for an accused at a lineup conducted before the filing of an accusatory instrument. *(Kirby v Illinois,* 406 US 682; *People v Hernandez,* 70 NY2d 833; *People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846.)

Equally devoid of merit is defendant's contention that the trial court erred in allowing improper bolstering testimony from the complainant so as to provide a more detailed description of the defendant as he appeared on the date of the robbery than was contained in the police complaint report. By making an issue of the alleged paucity of the complainant's description of the defendant and by asking questions on cross-examination to establish that the complainant had given a detailed description only of the defendant's accomplices, but not of the defendant, defense counsel "opened the door", permitting the prosecutor, on redirect, to demonstrate that the complainant *could have provided a* more detailed description of the defendant if the police had questioned him more thoroughly in preparing the police report. *(People v Bolden,* 58 NY2d 741; *People v Goodson,* 57 NY2d 828; *People v Melendez,*

55 NY2d 445.) Concur—Kupferman, J. P., Asch, Ellerin and Smith, JJ.