(May 24, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HATCHIT, Appellant.—Judgment of the Supreme Court, New York County (Martin Rettinger, J., at identification hearing and at trial with a jury), rendered January 19, 1988, convicting defendant of two counts of robbery in the first degree and sentencing him to concurrent, indeterminate terms of imprisonment of from 6 to 18 years, unanimously affirmed.

Defendant's claim that his guilt was not established beyond a reasonable doubt has no merit. Both victims of the robbery

identified defendant at the trial and at a fair lineup, and defendant was in possession of the car belonging to one of the victims at the time of his arrest, just two days after commission of the robbery. Both victims testified that defendant took the car keys during the robbery, and one pursued defendant as he drove off with the car.

Defendant's claim that he was deprived of his right to counsel at the lineup has not been preserved for appellate review, and we decline to reach it. Were we to consider it in the interests of justice, we would nevertheless find it to be without merit. There is no Federal or State constitutional right to counsel for an accused at a preindictment lineup (*People v Hernandez,* 70 NY2d 833, 835). The detective who produced defendant had obtained a court order for his production, but defendant's placement in the lineup was not court ordered (*People v Sugden,* 35 NY2d 453, 461). Therefore, the rule of *People v Coleman* (43 NY2d 222) is not implicated on the facts presented. The detective took defendant to the precinct after he was released on his own recognizance in connection with a second case. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Rubin, JJ.