■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK McDANIEL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered April 7, 1988, convicting him of manslaughter in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in denying, after conducting a hearing, that branch of the defendant's omnibus motion which was to suppress an eyewitness's identification of him as one of the perpetrators. The record reveals that at the hearing, the witness testified that he had frequently seen the defendant in his neighborhood over the past 2 to 3 years. We find that the court properly concluded that the identification procedure used by the police was more in the nature of a confirmation rather than an identification and hence, the issue of suggestiveness was not relevant (see, People v Stevens, 109 AD2d 856, 857). Therefore, the court properly declined to suppress the witness's identification testimony without conducting a full Wade hearing.

The defendant's challenge to two of the trial court's eviden-

tiary rulings are without merit. The trial court properly ruled that the prosecutor could elicit information regarding an alleged prior robbery of $2,000 from the codefendant or one of his acquaintances by the deceased or one of his acquaintances since this information tended to prove a motive for the shooting death of the victim (see, Richardson, Evidence §§ 170-171 [Prince 10th ed]). Furthermore, the court properly precluded the defense from eliciting on the cross-examination of the arresting officer an exculpatory statement made by the defendant to the officer upon his arrest. The court correctly concluded that the statement was hearsay and did not satisfy the requirements of a statement against penal interest.

The defendant's allegations of errors in the court's charge to the jury are not preserved for our review since the defense counsel did not request the specific charge concerning transitory or innocent possession of the weapon nor did the defense counsel object to the court's charge on manslaughter in the second degree, criminal possession of a weapon in the third degree, or justification (see, People v Graham, 122 AD2d 162).

The defendant's sentence was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review (see, People v Arrocha, 151 AD2d 490). Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.