■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

KEVIN BRYANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered June 16, 1989, convicting him of robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, it was not improper to place him in a pre-arraignment lineup, even though the police were aware that he was represented by counsel in an unrelated case (People v Hawkins, 55 NY2d 474, cert denied 459 US 846; People v Hernandez, 70 NY2d 833; People v Rodriguez, 148 AD2d 759; People v Taveras, 143 AD2d 208). Furthermore, since the lineup occurred prior to the commencement of formal adversarial judicial proceedings, the defendant had no constitutional right to the presence of counsel (see, People v LaClere, 76 NY2d 670, 672; People v Hernandez, supra, at 835; People v Hawkins, supra, at 483).

We find no merit to the defendant's claim that the testimony at trial regarding a knife recovered on his person three days after the commission of the robbery served to deprive him of a fair trial. The People were entitled to prove a connection between the crimes charged and the knife (see, People v Lewis, 69 NY2d 321, 325), and the court properly denied defense counsel's motion at the commencement of trial to exclude all evidence regarding the knife. Defense counsel did not thereafter object to testimony regarding the knife until the near completion of the People's case. The connection of the knife to the crime was not established to the court's satisfaction and its ruling denying the prosecutor's motion to introduce the knife was proper. The court further properly instructed the jury to disregard all testimony regarding the knife and provided curative instructions in its charge to the jury to disregard any evidence stricken from the record. In any event, any error relating to testimony in reference to the knife was harmless beyond a reasonable doubt in view of the overwhelming evidence of the defendant's guilt (People v Crimmins, 36 NY2d 230, 237).

We find no merit to the defendant's contention that his sentence was excessive (see, People v Suitte, 90 AD2d 80). The modification of the defendant's prior judgment of conviction by this court, reducing his conviction of criminal possession of stolen property in the third degree to a conviction of criminal

possession of stolen property in the fourth degree *(see, People v Bryant,* 168 AD2d 505), subsequent to his sentencing for the present offense, does not warrant remittal for resentencing. Eiber, J. P., Rosenblatt, O'Brien and Ritter, JJ., concur.