OPINION OF THE COURT
Harold Tompkins, J.
During the trial of this action, the transcript of a 911 recording was proffered by plaintiff’s counsel for admission *522 into evidence. Plaintiffs counsel had laid no foundation for introduction of the tape recording and was unable to state the identity of the recorded witness. Defendant’s counsel objected to introduction of the statement on grounds that it was hearsay. Plaintiffs counsel contended that the statement should be received in evidence as an exception to the hearsay evidence rule as a present sense impression.
New York traditionally did not recognize the present sense impression exception to the hearsay rule (see, Richardson, Evidence § 285-A [Prince 10th ed, Cumulative Supp]; People v Watson, 100 AD2d 452 [2d Dept 1984]). A present sense impression permits a court to admit hearsay testimony of a statement that describes or explains an event or condition that is made either while, or immediately after, the declarant observes or perceives the event (see, People v Brown, 80 NY2d 729). The rationale for admissibility is that the statement is reliable since it is contemporaneous in time with the event or occurrence and no time for reflection, faulty recollection or deliberate misrepresentation has elapsed (supra). The majority of States (supra, at 733-734, n 3), the Federal court (see, Fed Rules Evid, rule 803 [1]; United States v Obayagbona, 627 F Supp 329, 339-340 [ED NY 1985]) and the proposed New York Code of Evidence § 804 (b) (1) (1982) permit the introduction of present sense impression evidence as an exception to the hearsay evidence rule.
Present sense impression evidence differs from the traditional excited utterance (also known as res gestae) exception since the excited utterance exception requires the shock and/ or excitement of an incident or event that triggered the outburst (see, Rosenberg v Equitable Life Assur. Socy., 148 AD2d 337 [1st Dept 1989]).
This court feels that the same incidents of reliability that lead the Court of Appeals to permit a present sense impression exception to the hearsay rule in a criminal case also apply in a civil action. A contemporaneous descriptive statement with appropriate safeguards should be admissible. In People v Brown (supra), the Court held that to ensure reliability, some additional corroboration of the statement was required. It held that this was necessary to protect against mistake or fabrication.
In the action before this court, plaintiff was riding a bicycle when she was knocked down by a City streetsweeper. Plaintiff presented merely the tape recording transcript of the 911 call *523 without any evidence in addition to the statement itself. The court therefore declined to permit introduction of the statement as a present sense impression since there was no corroborative evidence of the statement’s reliability.