■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID TUCKER, Appellant. [602 NYS2d 399] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered May 16, 1991, convicting him of murder in the second degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the prosecution failed to prove that he acted in concert with the codefendant. At the close of the People's case, and at the close of the defendant's case, the defendant moved for a trial order of dismissal due to the prosecution's failure to prove a prima facie case. However, since the defendant did not raise this issue during those motions, he has not preserved this issue for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Johnson,* 185 AD2d 247; *People v Asaro,* 182 AD2d 823). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant acted in concert with the codefendant in the attempted robbery and shooting of the decedent. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's challenge to the trial court's evidentiary ruling precluding the defense from eliciting on direct examination of the arresting officer the exculpatory oral statement made by the defendant is without merit. Since the arresting officer testified as to the contents of the defendant's oral statement during the People's direct case and the defendant

was given the opportunity to cross-examine the officer, the arresting officer's testimony on this subject during the defendant's direct case would have been cumulative. Furthermore, the trial court correctly concluded that the testimony was inadmissible hearsay *(see, People v McDaniel,* 168 AD2d 640, 641; *People v Cuevas,* 138 AD2d 620, 621). This was not a situation where the trial court improperly permitted the introduction into evidence of an inculpatory statement, but precluded inquiry into the exculpatory portions of the same statement *(cf., People v Rodriguez,* 188 AD2d 566).

We also reject the defendant's contention that he was deprived of the effective assistance of counsel. Viewing the defense counsel's performance in its entirety we conclude that the defendant was afforded meaningful representation *(see, People v Rivera,* 71 NY2d 705, 708).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.