■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEB MORROW, Appellant. [612 NYS2d 604] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 11, 1991, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and the defendant's statements to law enforcement officials.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, to be preceded by a *de novo* suppression hearing on that branch of the defendant's omnibus motion which is to suppress his statements to law enforcement officials. No findings of fact have been raised or considered.

The defendant was jointly tried with his codefendant, Che Fitzgerald *(see, People v Fitzgerald,* 204 AD2d 348 [decided herewith]), for the gunpoint robbery of a check-cashing store at 107-06 150th Street, in Queens County, on April 18, 1990, at approximately 5:00 P.M. The defense was that of mistaken identity.

During the course of the trial, a police technician testified for the prosecution about the nature of "sprint" reports. The trial court then admitted into evidence People's exhibit 5, i.e., a "sprint" report, over defense counsel's objection, pursuant to the business record exception to the hearsay rule *(see,* CPLR 4518 [a]). The "sprint" report in question, which is a communication by a police officer to a "911" dispatcher, had been made at 5:22 P.M. The technician read the following portion of the "sprint" report to the jury, "[P]ossible maroon van westbound from 150th. All maroon van with white stripes, along bottom, with muffler problem. Closed van. Not too many windows."

The People sought to admit this "sprint" report into evidence to prove that a van was used by the defendants during the robbery despite the absence of any testimony by the victims of the robbery with regard thereto. Moreover, the police technician who testified at trial was unable to furnish the identity of the officer who had sent the communication and, more importantly, did not know the source of the information that the officer had imparted to the dispatcher. Under these circumstances, the trial court erred in admitting the "sprint" report into evidence as a business record. As the Court of Appeals has stated in *Matter of Leon RR* (48 NY2d 117, 122-123): "To constitute a business record exception to the

hearsay rule, the proponent of the record must first demonstrate that it was within the scope of the entrant's business duty to record the act, transaction or occurrence sought to be admitted. But this satisfies only half the test. In addition, each participant in the chain producing the record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct or the declaration must meet the test of some other hearsay exception *(Johnson v Lutz,* 253 NY 124, 128; *Toll v State of New York,* 32 AD2d 47, 50). Thus, not only must the entrant be under a business duty to record the event, but the informant must be under a contemporaneous business duty to report the occurrence to the entrant as well (Richardson, Evidence [10th ed—Prince], § 299). The reason underlying the business records exception fails and, hence, the statement is inadmissible hearsay if any of the participants in the chain is acting outside the scope of a business duty *(Johnson v Lutz, supra)."*

The erroneous admission into evidence of the "sprint" report prejudiced the defendant since, later in the trial, the People introduced evidence, which otherwise would have been irrelevant, that the defendant had been in possession of a somewhat similar van on other occasions, and the prosecutor argued this point in his summation. Moreover, this error cannot be deemed harmless in view of the defense's impeachment of the sole prosecution witness who identified the defendant as one of the perpetrators and the alibi defense proffered by the defendant *(see, People v Crimmins,* 36 NY2d 230).

In addition, a *de novo* hearing must be granted to the defendant with respect to that branch of his omnibus motion which is to suppress his statements to law enforcement officials. The People concede that they failed to turn over to the defense, at the hearing, the full eight pages of a crime report prepared by Officer Cayea (pages two through five were missing) *(see, People v Banch,* 80 NY2d 610). We reject the People's contention that the pages of the report in question that were turned over to the defense prior to the hearing were the duplicative equivalent of the missing pages.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Pizzuto, Friedmann and Goldstein, JJ., concur.