■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LESLIE, Appellant. [620 NYS2d 30] —Judgment of the Supreme Court, New York County (Joan B. Carey, J.), rendered October 14, 1992, convicting defendant, after bench trial, of assault in the second degree, and sentencing him to a definite term of one year, is unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant was convicted after trial of assaulting the complainant at a flea market with a wooden board which had a nail in it. While the complainant and another witness testified the attack was without provocation, defendant testified that

complainant had hit him in the back with a crowbar after an altercation over the sale of a table. He further testified that only when he saw that complainant was about to hit him again with the crowbar did he pick up the piece of wood (which he did not know had a nail in it) and hit complainant with it to defend himself.

Criminal Term denied defendant's motion to introduce a "911" tape into evidence. This tape recorded a woman who called to report that a fight between an Hispanic and a black person was in progress at the flea market and that one participant had a "metal" stick while the other had a wooden stick. We find that the Supreme Court erred in precluding this tape from evidence.

The Court of Appeals found in *People v Brown* (80 NY2d 729), that 911 recordings were admissible pursuant to the present sense impression exception to the hearsay rule. The Court of Appeals held in that case "that spontaneous descriptions of events made substantially contemporaneously with the observations are admissible if the descriptions are sufficiently corroborated by other evidence. Further, such statements may be admitted even though the declarant is not a participant in the events and is an unidentified bystander" *(supra,* at 734-735).

In this case, the 911 call was made contemporaneously with the fight between defendant and the complainant. Corroboration was provided by the police who arrived at the location indicated by the woman caller and who stated defendant approached them first to say he was hit in the back. Further corroboration at the trial was furnished by defendant's testimony that complainant had hit him in the back with a crowbar or metallic object. This "other evidence" served to "sufficiently corroborate" the observations given by the caller and ensure the 911 tape's reliability.

Ordinarily a "harmless error" analysis might result in our affirmance where evidence was excluded or admitted in error but defendant was tried in a bench trial and no error of constitutional magnitude was involved *(People v Crimmins,* 36 NY2d 230, 241). However, in this case the People's evidence was not "overwhelming" *(supra,* at 241). In addition, while Criminal Term *did* say, as noted by the People, that it was "clear" she knew what was "on the tape", our perusal of the minutes reveals she *did not* listen to a translation of the tape, nor does it indicate that she read a transcript of the tape. Accordingly, while Criminal Term might have considered the

hearsay statements proffered as to the contents of the tape, there obviously was no consideration by the court of the evidence itself when it reached its verdict.

The defendant has served his sentence and urges, as a result, the dismissal of the indictment *(see, People v Flynn,* 79 NY2d 879, 882). However, that is a matter for Criminal Term. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Asch, JJ.