■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE WILLIAMS, Appellant. [627 NYS2d 661] —Judgment,

Supreme Court, New York County (Edward Sheridan, J.), rendered May 27, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Contrary to defendant's assertion, the court's ruling precluding the admission of defendant's post-arrest statements reciting that the 22 vials of cocaine that he had possessed were for his personal use, and that he did not sell, but rather gave a vial to an apprehended individual as repayment for a debt, was proper because they did not qualify as declarations against his penal interest due to their unreliability, or as admissions because they were partially exculpatory. (*See, People v Oliphant*, 201 AD2d 590, *lv denied* 83 NY2d 875; *see, People v McDaniel*, 168 AD2d 640, *lv denied* 77 NY2d 963.)

Defendant's challenge to the court's charge on reasonable doubt as "a doubt for which some reason can be given" and an "actual doubt", is unpreserved for our review due to his failure to object to the charge as delivered and we decline to review in the interest of justice. In any event, the charge, viewed in its entirety, properly explained to the jury the subtleties between reasonable doubt and conjecture, and the importance of examining whether they had real concerns, amounting to a legitimate doubt.

Defendant's challenges to the prosecutor's summation are unpreserved as a matter of law (*People v McIntyre*, 177 AD2d 255, *lv denied* 79 NY2d 950), and we decline to review them in the interest of justice. Nor can defendant rely on his codefendant's trial objections to preserve the alleged error (*People v Buckley*, 75 NY2d 843, 846). Were we to review we would find them to be without merit. Concur—Murphy, P. J., Rosenberger, Wallach, Williams and Tom, JJ.