■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFF HUGHES, Appellant. [645 NYS2d 493]

Contrary to the defendant's contention, the court did not err by refusing to permit him to elicit from the People's police witness the purportedly exculpatory statements he made to the officer at the time of his apprehension and arrest. A defendant may not avoid taking the witness stand and avoid being cross-examined by presenting his story through the hearsay testimony of another witness *(see, People v Williams,* 203 AD2d 498; *People v Dvoroznak,* 127 AD2d 785). Furthermore, the defendant failed to demonstrate that the self-serving hearsay statements were admissible under any exceptions to the hearsay rule *(see, People v Morgan,* 76 NY2d 493; *People v Shortridge,* 65 NY2d 309; *People v Morrow,* 204 AD2d 356; *People v Cuevas,* 138 AD2d 620; *People v Rodriguez,* 121 AD2d 660).

The defendant has not preserved for appellate review his contention that it was error for the court to have received into evidence a tape recording of the complainant's telephone call to the 911 emergency number because the complainant testified at trial *(see,* CPL 470.05 [2]). In any event, the availability of the declarant at trial did not render the tape inadmissible under the present sense impression to the hearsay rule, and playing the tape for the jury did not serve to bolster the declarant's testimony *(see, People v Buie,* 86 NY2d 501; *People v Brown,* 80 NY2d 729).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80), and the defendant's remaining contention lacks merit. Miller, J. P., Pizzuto, Santucci and Hart, JJ., concur.