OPINION OF THE COURT
Leon Ruchelsman, J.
*880 The defendant stands charged with two counts of robbery in the first degree (Penal Law § 160.15 [3], [4]), two counts of robbery in the second degree (Penal Law § 160.10 [2] [a]; [3]), assault in the second degree (Penal Law § 120.05 [6]), grand larceny in the third degree (Penal Law § 155.35), grand larceny in the fourth degree (Penal Law § 155.30 [8]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). These charges stem from an alleged robbery of a green minivan in Kings County.
At approximately 12:30 in the afternoon on March 11, 1997, Ms. Carmen Rodriguez was exiting her green minivan. The defendant approached Rodriguez and while pointing a gun to her head, demanded the keys to the van. A brief struggle followed where the defendant obtained possession of the keys, entered the vehicle and drove away. Rodriguez quickly called the police and told them that her van had been stolen. Shortly thereafter, Police Officer Michael Wallen arrived and began to canvass the area in search of the vehicle. Wallen then observed a man entering a minivan who matched an earlier description which was broadcast over the police radio. During the ensuing vehicle chase, Wallen radioed the precinct for backup assistance.
While pursuing the defendant, Wallen and the backup vehicle were communicating with each other and with central command about the progress of the pursuit. Shortly thereafter, Wallen’s car crashed with the van as the van collided with a median running through the center of the street, whereupon the defendant exited the van and the chase continued on foot. The defendant was apprehended a few moments later and arrested by Officer Wallen.
The first witness to testify at the trial was Officer Wallen. He testified as to certain aspects of the vehicle and foot chases as well as the apprehension of the defendant. The defendant now seeks to introduce an audiotape of the radio communications between the two vehicles and the precinct. The defendant asserts that conversations on this tape accurately reflect the scope and range of the police chases in their pursuit of the defendant. The defendant insists that the introduction of the tape will discredit the testimony of Officer Wallen relating to the police chases. The defendant seeks to introduce the tape as a "present sense impression”. The People oppose the motion and insist that the present sense impression exception to the hearsay rule is inapplicable for police conversations requesting backup assistance. After reviewing the arguments of the People *881 as well as the defendant, this court now makes the following determination.
CONCLUSIONS OF LAW
The present sense impression exception to the hearsay rule was first adopted in this State in People v Brown (80 NY2d 729 [1993]). In embracing this exception along with the other recognized exceptions to the hearsay rule the Court followed the lead of a majority of States which had already held present sense impressions admissible. The rationale for this exception stems from the notion that a statement made while describing an event or immediately thereafter is inherently reliable. The New York courts have added an additional corroboration requirement to further secure the reliability of the statement. This corroboration requirement will vary depending on the particular facts of each case (People v Brown, supra).
Thus, in People v Leslie (210 AD2d 80 [1st Dept 1994]), the Court found sufficient corroboration to admit a 911 tape where the police arrived at the scene indicated by the caller and the defendant immediately approached them to indicate he was hit in the back. The defendant testified at trial as to events which the caller had observed on the 911 tape. The defendant’s testimony satisfied the corroboration requirement. Similarly, in People v Montgomery (224 AD2d 914 [4th Dept 1996]) the Court admitted a tape recording of conversations between the defendant and undercover officers. The Court found these recordings corroborated by the officers’ testimony concerning the arrest and subsequent search of the apartment. Thus, in-court testimony from an eyewitness who can verify the accuracy of the contents of the tape will satisfy the corroboration requirement.
In People v Buie (86 NY2d 501 [1995]), the Court refined the exception and held that the declarant need not be unavailable and, thus, a declarant’s in-court testimony would not constitute improper bolstering.
The present sense impression exception has been utilized mainly to introduce 911 calls made by either the victim or witnesses while they observe events as they are unfolding (see, People v Hughes, 228 AD2d 618 [2d Dept 1996]; People v Cook, 220 AD2d 522 [2d Dept 1995]). However, the exception has been used in other cases as well (see, e.g., People v Parson, 209 AD2d 882 [3d Dept 1994]; People v Holton, 225 AD2d 1020 [4th Dept 1996]), including civil cases (Berger v City of New York, 157 Misc 2d 521 [Sup Ct, NY County 1993]). Thus, the question *882 whether or not a statement will be admitted under this exception must be decided on a case-by-case basis. As noted in Brown (supra), the decision whether to admit such statements after reviewing the corroboration evidence is to be left with the discretion of the Trial Judge.
In the case at the bar the defendant seeks to introduce the radio transmissions of various police officers as well as conversations those officers had with the precinct while pursuing the defendant. These police communications will be subject to the same standards that all statements must undergo before admission under the present sense impression exception. The contention that a defendant cannot, as a matter of law, introduce statements of police officers to impeach or otherwise discredit the prosecution’s witnesses is rejected.
In considering the defendant’s request, research has revealed only three cases where a defendant has sought to introduce statements under the present sense impression exception. All three cases were consolidated under one case on appeal where the court rejected the defendants’ requests. In People v Vasquez (88 NY2d 561 [1996]), the Court explained that the present sense impressions were rejected either because there was insufficient corroboration or because the statements were made too far after the events had occurred giving the declarant ample time for reflection and fabrication. The Court never entertained the notion that a defendant could not introduce a present sense impression merely because the statements were made by police officers. Thus, the case at bar represents the first time that a defendant could successfully benefit from statements of police officers under the present sense impression exception. The uniqueness of this issue should in no way compel a result unfavorable to the defendant. Rather, a careful review of the evidence will guide this court’s ultimate determination.
In this case Officer Wallen testified that he had pursued the defendant in his vehicle as well as on foot. Moreover, Wallen testified that he had communicated with the officers in the backup vehicle and central command back at the precinct. In fact, when questioned by the court outside the presence of the jury, Wallen confirmed that the tape was an accurate recording of the sequence of events as they were unfolding and that he was one of the voices on the tape. Therefore, the corroboration element was clearly satisfied.
Moreover, the totality of circumstances supports the introduction of this tape as a present sense impression. The statements were made while involved in a high-speed chase. There *883 was no opportunity for any of the officers to reflect and to perhaps fabricate their statements. The fact that a defendant is seeking to introduce the statements of police officers is merely indicative of the defendant’s zeal in asserting his innocence. It is legally irrelevant that the statements in question were made by police officers. Having established that the statements meet all the requirements of the present sense impression exception there is no reason to exclude them. The People have failed to demonstrate the evidentiary reasons which would mandate their exclusion and, thus, the defendant’s motion will be granted.
Therefore, the defendant will be permitted to introduce the police communications since they satisfy all of the elements of the present sense impression exception to the hearsay rule.