The court properly denied defendant’s suppression motion. The hearing record does not support defendant’s assertion that the arresting officer had no actual recollection of the description conveyed to him by the ghost officer. The totality of the arresting officer’s testimony made clear that while he had no independent recollection of the description, his recollection had been refreshed by reading the buy report prepared by the primary undercover officer, so that he was testifying on the basis of this revived recollection (see Prince, Richardson on Evidence § 6-214 [Farrell 11th ed 1995]). A witness may use “any memorandum, whether made by himself [or herself] or another,” to refresh his or her memory (People v Goldfeld, 60 AD2d 1, 11 [4th Dept 1977], lv denied 43 NY2d 928 [1978]). The issue of whether a document actually refreshed a witness’s recollection is a matter of credibility to be resolved by the trier of fact (see e.g. People v Rivera, 213 AD2d 281, 281-282 [1995], lv denied 86 NY2d 740 [1995]), and there is no basis for disturbing the court’s determination.
Defendant’s remaining suppression arguments are unavailing. As this Court held on the codefendant’s appeal, “The arresting officer’s testimony that he received a radio transmission from a ghost officer about a drug sale, along with the arresting officer’s knowledge of the ghost’s role in the planned undercover operation, permitted an inference that the transmission was based on the ghost officer’s presumptively reliable observations. *532 This report provided probable cause to arrest defendant once the officer saw him in the vicinity of the drug transaction about five minutes after receiving the radio report and observed that he matched the sufficiently detailed description provided in that report” (People v Ramirez, 96 AD3d 474, 475 [1st Dept 2012] [citations omitted]).
Defendant did not preserve his challenge to the court’s charge and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Defendant and the codefendant were charged with jointly engaging in a drug transaction. Under the facts of the case, the buy money recovered from the codefendant was admissible against both defendants, and defendant was not entitled to an instruction to the contrary. Concur — Andrias, J.E, Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.