■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WILSON, Appellant. [997 NYS2d 725]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered May 25, 2010,

convicting him of attempted murder in the second degree, attempted robbery in the first degree, burglary in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Braun, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress his videotaped statement to an assistant district attorney. The statement was made after the readministration of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), and was attenuated from his earlier statements to police, which had been taken in violation of his *Miranda* rights, as there was a definite and pronounced break in the questioning (*see People v Paulman*, 5 NY3d 122, 130 [2005]; *People v Foddrell*, 65 AD3d 1375 [2009]; *People v Sepulveda*, 52 AD3d 539, 540 [2008]; *People v Vachet*, 5 AD3d 700, 702 [2004]).

The Supreme Court did not err in refusing to permit the defendant to elicit from the People's police witness the purportedly exculpatory statements he made in his written statement. A defendant may not avoid taking the witness stand and avoid being cross-examined by presenting his story through the hearsay testimony of another witness (*see People v Hughes*, 228 AD2d 618, 619 [1996]; *People v Williams*, 203 AD2d 498 [1994]; *People v Dvoroznak*, 127 AD2d 785 [1987]). Furthermore, the defendant failed to demonstrate that the self-serving hearsay statements were admissible under any exception to the hearsay rule (*see People v Hughes*, 228 AD2d at 619; *see also People v Morgan*, 76 NY2d 493 [1990]; *People v Shortridge*, 65 NY2d 309 [1985]; *People v Morrow*, 204 AD2d 356 [1994]; *People v Cuevas*, 138 AD2d 620 [1988]; *People v Rodriguez*, 121 AD2d 660 [1986]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.