■ The People of the State of New York, Respondent, v Deshawn Owens, Appellant. [11 NYS3d 641]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered July 7, 2011, convicting him of burglary in the first degree, robbery in the first degree (five counts), criminal use of a firearm in the first degree, assault in the second degree (three counts), unlawful imprisonment in the first degree (four counts), criminal possession of a weapon in the fourth degree (three counts), endangering the welfare of a child (two counts), and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his right to counsel was violated since the police knew or should have known that he was represented by counsel while in custody in Pennsylvania on another pending charge at the time he was interrogated regarding the instant case. The defendant failed to raise this argument during a *Huntley* hearing (*People v Huntley*, 15 NY2d 72 [1965]). Although the defendant's contention that his right to counsel was violated may be raised for the first time on appeal, in this case, "the failure to raise the issue in the trial court has resulted in an inadequate record" (*People v McLean*, 15 NY3d 117, 120 [2010]; *see People v Kinchen*, 60 NY2d 772, 773-774

[1983]; *People v Elliott*, 39 AD3d 663 [2007]; *cf. People v Lopez*, 16 NY3d 375 [2011]). Even if the oral and written statements made by the defendant in Pennsylvania were taken in violation of his right to counsel, the written statement given in New York six months later, when the defendant was again given *Miranda* warnings (*Miranda v Arizona*, 384 US 436 [1966]), was sufficiently attenuated to remove any possible taint inherent therein (*see People v Wilson*, 123 AD3d 747, 748 [2014]; *People v Dubois*, 140 AD2d 619, 622 [1988]). In any event, the admission into evidence of the three statements in dispute constituted harmless error because the proof of the defendant's guilt, without reference to these statements, was overwhelming, and there is no reasonable possibility that the jury would have acquitted him had it not been for this constitutional error (*see People v Borukhova*, 89 AD3d 194, 216 [2011]).

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crimes charged because the testimony of the prosecution witnesses was inconsistent is unpreserved for appellate review, because defense counsel merely joined in the general motion of the codefendant for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (*see People v Simpkins*, 81 AD3d 860, 860 [2011]; CPL 470.05 [2]). In any event, the contention is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, based upon an acting-in-concert theory (*see People v Guadmuz*, 63 AD3d 1178 [2009]; *People v Merchant*, 4 AD3d 487 [2004]; *People v Crumwell*, 199 AD2d 406, 407 [1993]; *People v Harper*, 136 AD2d 736 [1988]). Any discrepancies in the complainants' prior statements to the police and their trial testimony were fully explored at trial and did not render the complainants' testimony incredible or unworthy of belief (*see People v Marcus*, 112 AD3d 652 [2013]). Moreover, upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the prosecutor's remarks on summation constituted reversible error because the prosecutor allegedly played on the emotions of the jury, denigrated the defense, supported the case through her own veracity and position, and mischaracterized testimony, is unpreserved for appellate review since the defendant failed to object, request curative instructions, or timely move for a mistrial on these grounds

(*see* CPL 470.05 [2]; *People v Morales*, 87 AD3d 1165 [2011]). In any event, most of the prosecutor's remarks were either fair comment on the evidence presented, fair response to the defendant's summation, or permissible rhetorical comment (*see People v Caldwell*, 115 AD3d 870 [2014]), and any error in allowing certain improper statements was not so egregious as to have deprived the defendant of a fair trial (*see People v Taylor*, 120 AD3d 519 [2014]).

The defendant was not deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668, 694 [1984]; *People v Rivera*, 71 NY2d 705, 707-708 [1988]; *see also* CPL 710.40 [4]; *McCarthy v Meaney*, 183 NY 190 [1905]; *People v Phillibert*, 99 AD3d 531 [2012]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.