People v DeShields (2019 NY Slip Op 01090)





People v DeShields


2019 NY Slip Op 01090


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-06188
 (Ind. No. 359/14)

[*1]The People of the State of New York, respondent,
v
Ronald E. DeShields, appellant.


Paul Skip Laisure, New York, NY (Caitlin Halpern of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Michelle Kaszuba of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J.), rendered May 26, 2016, convicting him of reckless endangerment in the second degree, falsely reporting an incident in the second degree (seven counts), and falsely reporting an incident in the third degree (nine counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of reckless endangerment in the second degree, falsely reporting an incident in the second degree (seven counts), and falsely reporting an incident in the third degree (nine counts) in connection with the numerous 911 calls he made over two days in February 2014, falsely reporting fires and crimes. On appeal, the defendant contends, among other things, that the evidence was legally insufficient to support his convictions and that the verdict of guilt was against the weight of the evidence.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of reckless endangerment in the second degree (Penal Law § 120.20). The defendant's further contention that the count charging reckless endangerment in the second degree was duplicitous is unpreserved for appellate review (see People v Becoats, 17 NY3d 643, 650-651; People v Smith, 145 AD3d 1628, 1629; People v Davis, 80 AD3d 623, 624), and we decline to reach this issue in the exercise of our interest of justice jurisdiction.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of seven counts of falsely reporting an incident in the second degree (Penal Law § 240.55[1]) and nine counts of falsely reporting an incident in the third degree (Penal Law § 240.50[1]) beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless [*2]accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
We agree with the Supreme Court's determination to admit into evidence "sprint" reports regarding the 911 calls under the business records exception to the hearsay rule (see CPLR 4518[a]; People v Patterson, 28 NY3d 544, 551; Matter of Leon RR, 48 NY2d 117, 122; Johnson v Lutz, 253 NY 124; Matter of James M.B. [Claudia H.], 155 AD3d 1027, 1030; cf. People v Morrow, 204 AD2d 356, 357).
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court